## Anna Rosina Kersten v. Adolph Voigt.

1. STATUTES—*Rule of Construction.*—Statutes should be so construed as to give them a prospective operation only. They should be allowed to operate retrospectively only where the legislative intention to give them such operation is clear and undoubted.

2. BENEVOLENT ASSOCIATION—*Right to Change the Beneficiary.*— Where the right to change the beneficiary named in the certificate of a benevolent association exists by the statute under which the association is organized, and at the time the certificate is issued, such right is one of the considerations entering into the contract, and is a material right which can not be taken away by the legislature.

Kersten v. Voigt.

3. SAME—*Right to Change the Beneficiary by Will.*—Under a certificate of a benevolent association, issued while the act of July 1, 1887, providing for the organization of associations for the purpose of furnishing benefits upon the death of a member to the widows, heirs, relatives, legal representatives or the designated beneficiaries of such deceased member, and while the by-laws of the association provided, that on the death of a member, the endowment shall be paid (1) to such person as he may designate in his last will and testament or certificate, *it was held,* that notwithstanding the association had refused, at his request, to change the beneficiary, he might legally do so by his will.

**Bill of Interpleader.**—Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded with directions. Opinion filed November 18, 1895.

OLSON & BANTLE, attorneys for appellant, contended that Fisher had the same right to appoint under the law after the enactment of June, 1893 (Session Laws of 1893, page 92, section 1), as he had at the time his certificate was issued. Bishop on Contracts, Sec. 575 and 567; Brewer v. Otoe, 1 Neb. 373; Wilmington R. R., etc., v. King, 91 U. S. 3; McElvain v. Mudd, 44 Ala. 48; Havelman v. Kansas City H. R. R., 79 Miss. 632.

A statute which varies a contract from the intention of the parties impairs the obligation, and it matters not whether the intention is expressed or implied, nor whether the variation is great or small. Bruce v. Schuyler, 4 Gilman 221.

Where a law providing for the organization of mutual benefit societies is amended so as to exclude certain classes of persons from becoming beneficiaries, the amendment does not apply to certificate issued prior to its passage. Niblack on Mutual Benefit Associations, page 319; Smith v. Pinch, 80 Mich. 332.

As to vested rights: None obtained in favor of a beneficiary until death of assured where mutual benefit societies are concerned. Such rights are then vested and become fixed in the beneficiary. Contract is between the insured and society and not between the insurance company and the beneficiary as in regular insurance. Martin v. Stubbings, 126 Ill. 388.

Power of appointment by member during life, limited or restricted only by the organic law of the society, or rules and regulations in conformity therewith. Ibid.; Benton v. Brotherhood of R. R. Brakemen, 146 Ill. 570.

The mode of selection is mere matter of form and may be by will or by written direction. Martin v. Stubbings, 126 Ill. 388.

Substantial justice will not be sacrificed to mere matter of form, and the manner of making a change where one is prescribed is merely directory. Splawn v. Chew, 60 Texas 532; Manning v. A. O. U. W., 86 Ky. 136; Kaiser v. Kaiser, 13 Daly 522; Sup. Council v. Priest, 46 Mich. 429.

Designation of a new beneficiary by will is valid when the certificate first issued was lost or mislaid. Grand Lodge v. No. 11, 90 Mich. 37.

Where no mode is prescribed, a paper signed by the member, expressing his surrender of the certificate, directing payment to the new beneficiary and mailed to the officers of the association just before his death, is a valid change of beneficiary. Hirschl v. Clark, 81 Iowa 200; Nally v. Nally, 74 Ga. 669.

The last will and testament of the insured may operate as a valid designation of a new beneficiary, even though it may not be operative as a will. Niblack on Mutual Benefit Associations, pages 417–18; 454–456; Dennett v. Kirk, 59 N. H. 10.

A. N. TAGERT, attorney for appellee, contended that one claiming to have succeeded to the rights of the beneficiary named in the certificate issued, must show a valid substitution of himself in place of the beneficiary named in the certificate—and has the burden of proof. Niblack, Vol. Soc., page 622; Henry v. Trustees, 15 Brad. 151.

The insured has no property right in the endowment certificate, and the naming of a beneficiary is the exercise of a power of appointment, and must be strictly followed to be effective. Niblack on Vol. Soc., Sec. 238; see, also, Secs. 173, 215 and 409.

Mr. Justice Shepard delivered the opinion of the Court.

This is a bill of interpleader, filed in the Superior Court by the high court of the Independent Order of Foresters of the State of Illinois, a fraternal and benevolent organization, organized and incorporated under the laws of the State of Illinois.

The bill was filed for the purpose of having the court determine as to who is entitled to the fund or endowment due on certificate No. 36302, issued by the complainant, the high court of the Independent Order of Foresters of the State of Illinois, to Paul Anton Fischer, by the name of Tony Fischer.

The certificate is dated January 14, 1893, in and by which the complainant agrees to pay to Adolph Voigt one thousand dollars ($1,000) on satisfactory evidence of the death of said Paul Anton Fischer.

The facts in the case are principally admitted by the parties, and are in substance, that Paul Anton Fischer, commonly known as Tony Fischer, was an unmarried man; that he was a member in good standing in complainant's society; that he died on October 30, 1894, and that at the time of his death he continued to be a member of said society in good standing.

It is also admitted that the defendent, Adolph Voigt, is now alive, and is the godfather of said Fischer.

It is also admitted by the parties that neither the defendant Adolph Voigt, nor Mrs. Anna Rosina Kersten is now or ever was a member of the family of said Fischer, or heir, blood relative, affianced husband or wife of, or dependent on said Fischer during his lifetime.

It appears from the evidence, that after the deceased had taken out the certificate set out in the bill in this case, he desired to change the beneficiary named therein, and for that purpose applied to the subordinate lodge of the complainant order, asking that the payee or beneficiary named in the certificate be changed from Adolph Voigt to Anna Rosina Kersten; the written request to said society being

dated October 19, 1894; and that when said written request was presented to the proper officers of the complainant society, it was refused.

It further appears that the deceased, on or about the 17th of October, 1894, attempted to execute a will, in and by which he named said Anna Rosina Kersten as beneficiary in said certificate No. 36302, and directed that said benefit fund, or endowment, at his death should be paid to her.

It thus appears from the evidence, the admissions of the parties, and the allegations of the bill, that one or the other of the two defendants to the bill, the appellant or the appellee, is entitled to the fund named in the certificate held by the deceased, unless there is some provision of the statute of the State to the contrary.

The appellee, Voigt, claims that by the statute of the State which was approved and went into effect June 22, 1893, the right of the deceased to name another beneficiary than himself, Voigt, who is named in the certificate, is restricted to one who is included within its terms, viz., families, heirs, blood relations, affianced husband or affianced wife of, or to persons dependent upon the member.

The appellant, Kersten, contends that the contract between the deceased and the complainant order, was such that the deceased had the right to change the beneficiary at any time he saw fit so long as he complied with the terms of the contract on his part to be performed, and that such right was not and could not be affected by a change in the statute made subsequent to the contract, and further contends that the deceased did all that lay in his power and all that he was required to do to change the beneficiary to herself, and that therefore she is entitled to receive the fund the same as though she had been named in the certificate in the place of Voigt.

The statute, in force July 1, 1887, under which the complainant body was organized and operating at the time of the issuance of the certificate to the deceased, reads in part as follows: "That corporations, associations or societies for the purpose of furnishing life indemnity or pecuniary

benefits upon the death of a member, to the widows, heirs, relatives, legal representatives or the designated beneficiaries, of such deceased member  *  *  *  may be organized." 3 Starr & Curtis' Statutes, Chap. 73, Sec. 122.

And the by-laws of the complainant in force when said certificate was issued to the deceased, provided, in part, as follows:

"On the death of a member of this order in good standing, the endowment shall be paid, first, to such person or persons as he may designate in his last will and testament, or endowment certificate; second, to his widow; third, to his orphans; fourth, to his heirs." Then follow provisions relating to a reversion and forfeiture to the complainant in case the member shall leave no will or designated beneficiary, and no widow, orphans or heirs.

The certificate in question was dated January 14, 1893. Thereafter, and on June 22, 1893, another statute relating to and governing the same class of societies as the complainant order, went into force, whereby it was provided that "payment of death benefits shall only be made to the families, heirs, blood relations, affianced husband or affianced wife of, or to persons dependent upon the member; and such benefits shall not be willed, assigned or otherwise transferred to any other person." Hurd's Rev. Stat., 1893, Ch. 73, Sec. 258.

Subsequent to the passage of the statute of 1893, above quoted in part, the complainant, in 1894, amended and revised its by-laws to conform to the new statute, and adopted the quoted words of the statute, except by omitting the words, "affianced husband," as an amendment to its endowment law. By the same revision it was provided as follows:

"This endowment law shall go into full force and effect on January 1, 1895.  *  *  *  The old endowment law, as now in force, shall be the law and guide for the payment and collection of assessments and payment of death claims until December 31, 1894, inclusive, in all subordinate courts; such accounts to be continued in the old account books of the subordinate courts, and high court; but on and after

January 1, 1895, new and separate accounts shall be opened with the members in such subordinate courts, in such books as may be adopted by the high board of directors, and new and separate accounts be opened for such courts in the high court."

Thus there was nothing, either in the statute or in the laws of the complainant order that prevented the appellee, Voigt, from being named as beneficiary in the certificate at the time deceased became a member of the order, and of the issuance of the certificate. And as the law then stood the member had not only the right to name Voigt as beneficiary, but he had also the right to subsequently appoint another beneficiary in the place of Voigt. Until after the death of the member the beneficiary acquired no vested right to the fund named in the certificate, and the right to appoint another remained in the member during his lifetime without limit or restriction except such as was imposed by the statute, or the laws of the order. Martin v. Stubbings, 126 Ill. 387.

Neither appellee nor appellant would be eligible as beneficiaries under the statute of June, 1893. Both or either of them were eligible under the provisions of the act in force at the time the certificate in question was issued, in January, 1893. The evidence does not show that the deceased had (and it was conceded upon the argument that he had not) any relatives or connections or persons dependent upon him who would be eligible to take under the provisions of the act of June, 1893. Therefore by the passage of the act of June, 1893, if the right to name a new beneficiary outside of the class mentioned in that act was taken away from the deceased, then the benefit fund must be paid to the party therein named, the appellee, Adolph Voigt, or the fund must revert to the complainant order. At the time the contract was made between the deceased and the complainant order this right to appoint the beneficiary or change the name existed, and we think was an important part of the contract entered into. It would seem that the construction of the act passed June, 1893, giving it the effect to destroy that

right of appointing a beneficiary or naming another beneficiary which existed in favor of the deceased under his contract prior to the passage of the act, would be to give the act a retrospective effect and destroy the obligation of the contract entered into between the deceased and the complainant.

It is a recognized rule in the construction of statutes, that they should be so construed as to give them a prospective operation only, and they should be allowed to operate retrospectively only where the legislative intention to give them such operation is clear and undoubted. Benton v. Brotherhood of R. R. Brakemen, 146 Ill. 570.

It is evident by the acts of the deceased before his death that he no longer wished the fund to be paid to the appellee; that his desire and wish was, at the time of his death and prior thereto, that the appellant should receive the fund derived from the certificate in question. He applied to the complainant for the change to be made in the certificate, making her the beneficiary, instead of Voigt, and not content with such application to the society, he also made an attempted will, clearly designating her as the person whom he desired to receive the money derived from the payment of said certificate. In other words, he did all that was in his power to do, to make the change, to secure to appellant the money in question, and the fact that the complainant society refused to make the change, could have no weight to deprive the appellant of the fund if the right existed in deceased to make such change. We think that the right to make this change was one of the considerations entering into the contract at the time that the deceased obtained his certificate from the complainant, and that it was a material right and one that could not be taken away by the legislature, and we do not think that the legislature intended, by the act of June, 1893, to affect certificates of insurance issued prior thereto.

Our conclusion is that the decree of the Superior Court in awarding the fund to Voigt was erroneous, and it appearing that the said fund was paid into the said Superior Court

by the said complainant, the said decree is therefore reversed with directions to the Superior Court to enter a decree in favor of the appellant, for the said fund remaining in the said Superior Court, and the controversy appearing to have been conducted in a good faith effort to determine to whom the fund should be paid, we think the costs in both this court and in the Superior Court should be paid out of the fund, and it is therefore ordered that the appellant be required to pay the costs in both courts as a condition precedent to her right to have the fund paid to her. Reversed with directions.