ADOLPH VOIGT

*v.*

ANNA ROSINA KERSTEN.

*Filed at Ottawa November 23, 1896.*

1. STATUTES—*rule of construction.* Unless it is clear that the legislature intended that a statute should be given retroactive operation the courts will give it prospective operation only.

2. BENEFIT SOCIETIES—*act of 1893 concerning benefit societies construed.* Section 1 of the act on benefit societies, (Laws of 1893, p. 130,) providing that payment of death benefits under certificates shall be made only "to families, heirs, blood relations," etc., and that "such benefits shall not be willed, assigned or otherwise transferred to any other persons," does not affect certificates issued prior to the passage of that act.

3. SAME—*right of member to change beneficiary.* The right of a member of a benefit society to change, at will, the beneficiary in his certificate cannot be taken away by a subsequent statute or by-law, where such right existed when his insurance contract was made.

4. SAME—*beneficiary acquires no vested right to fund during lifetime of insured.* The beneficiary in an insurance certificate of a benefit society acquires no vested right to the fund named therein during the lifetime of the insured, and the latter may, in the absence of binding restrictions imposed by statute or by-laws, change such beneficiary at any time.

5. SAME—*refusal by society to change beneficiary.* The right of a member of a benefit society to change the beneficiary named in his cer-

tificate of insurance is not defeated by the refusal of the society to make the change when requested by him.

6. APPEALS AND ERRORS—*amount involved in suit—jurisdiction.* When the amount involved in the trial court is $1000, the fact that the court orders part of the amount to be paid as costs does not reduce the amount involved so as to affect the jurisdiction of the Supreme Court.

*Kersten* v. *Voigt,* 61 Ill. App. 42, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

A. N. TAGERT, for plaintiff in error:

A surrender of a benefit certificate for the purpose of appointing a new beneficiary, if not an effective legal appointment of a new beneficiary, leaves the former certificate in force. Niblack on Voluntary Societies, sec. 231; *Lindsey* v. *Society,* 84 Iowa, 734; *Grace* v. *Northwestern Ass.* 87 Wis. 562; *Elsey* v. *Odd Fellows' Ben. Ass.* 142 Mass. 224.

A change in the statute or by-law of a society after a certificate is issued is not retroactive, and does not affect a beneficiary named before such change. *Wist* v. *Grand Lodge,* 22 Ore. 271; *Smith* v. *Pinch,* 80 Mich. 332; Niblack on Voluntary Societies, secs. 136, 137.

One claiming to have succeeded to the rights of the beneficiary named in the certificate issued must show a valid substitution of himself in place of the beneficiary named in the certificate, and has the burden of proof. Niblack on Voluntary Societies, 622; *Henry* v. *Trustees,* 15 Ill. App. 151.

A statute prohibiting the issue of a certificate makes it void. *Canton Ben. Society* v. *Rockhold,* 129 Ill. 440; *Penn* v. *Bornman,* 102 id. 523; *Palmer* v. *Welch,* 132 id. 141; *Parker* v. *Welch,* 33 Ill. App. 195.

The beneficiary named in a benefit certificate is the owner of it from the date of issue, subject only to the right of substitution of a new beneficiary by the insured

and insurer, both concurring therein. Niblack on Voluntary Societies, 627, 630; *Lodge* v. *Smith*, 98 Ind. 274; *Hanson* v. *Supreme Lodge*, 40 Ill. App. 216.

A change in the beneficiary named in the certificate is the making of a new contract. *Johnson* v. *Van Epps*, 110 Ill. 551; *Cole* v. *Marple*, 98 id. 58.

Olson & Bantle, for defendant in error:

A statute which varies a contract from the intention of the parties impairs the obligation, whether the variation is great or small. *Bruce* v. *Schuyler*, 4 Gilm. 221.

Where a law providing for the organization of mutual benefit societies is amended to exclude certain classes of persons from becoming beneficiaries, the amendment does not apply to a certificate issued prior to its passage. *Smith* v. *Pinch*, 80 Mich. 332; Niblack on Mutual Benefit Ass. 319.

No vested rights obtain in favor of a beneficiary until the death of the assured, where mutual benefit societies are concerned. The contract is between the insured and the society, and not between the insurance company and the beneficiary. *Martin* v. *Stubbings*, 126 Ill. 570.

Power of appointment by a member during life is limited or restricted only by the organic law of the society, or rules and regulations in conformity therewith. *Martin* v. *Stubbings*, 126 Ill. 570; *Benton* v. *Brotherhood*, 146 id. 570.

Per Curiam: We have carefully examined the record in this case, together with all briefs and arguments, and the authorities cited by counsel for both plaintiff and defendant in error. The opinion by Shepard, J., in the Appellate Court, as well in its statement of facts as in the discussion of the legal questions involved and in the conclusion arrived at, is in accordance with the views of this court. (See 61 Ill. App. 42.) The opinion of the Appellate Court is as follows:

"This is a bill of interpleader, filed in the Superior Court by the High Court of the Independent Order of Foresters of the State of Illinois, a fraternal and benev-

olent organization, organized and incorporated under the laws of the State of Illinois. The bill was filed for the purpose of having the court determine as to who is entitled to the fund or endowment due on certificate No. 56,302, issued by the complainant, the High Court of the Independent Order of Foresters of the State of Illinois, to Paul Anton Fischer, by the name of Tony Fischer. The certificate is dated January 14, 1893, in and by which the complainant agrees to pay to Adolph Voigt one thousand dollars ($1000) on satisfactory evidence of the death of Paul Anton Fischer.

"The facts in the case are principally admitted by the parties, and are, in substance, that Paul Anton Fischer, commonly known as Tony Fischer, was an unmarried man; that he was a member in good standing in complainant's society; that he died on October 30, 1894, and that at the time of his death he continued to be a member of said society in good standing. It is also admitted that the defendant, Adolph Voigt, is now alive, and is godfather of said Fischer. It is also admitted by the parties that neither the defendant, Adolph Voigt, nor Mrs. Anna Rosina Kersten, is now or ever was a member of the family of said Fischer, or heir, blood relative, affianced husband or wife of or dependent on said Fischer during his lifetime.

"It appears from the evidence, that after the deceased had taken out the certificate set out in the bill in this case he desired to change the beneficiary named therein, and for that purpose applied to the subordinate lodge of the complainant order, asking that the payee or beneficiary named in the certificate be changed from Adolph Voigt to Anna Rosina Kersten, the written request to said society being dated October 19, 1894, and that when said written request was presented to the proper officers of the complainant society it was refused. It further appears that the deceased, on or about the 17th of October, 1894, attempted to execute a will, in and by which

he named said Anna Rosina Kersten as beneficiary in said certificate No. 36,302, and directed that said benefit fund. or endowment at his death should be paid to her.

"It thus appears from the evidence, the admissions of the parties and the allegations of the bill, that one or the other of the two defendants to the bill, the appellant or the appellee, is entitled to the fund named in the certificate held by the deceased, unless there is some provision of the statute of the State to the contrary. The appellee, Voigt, claims that by the statute of the State which was approved and went into effect June 22, 1893, the right of the deceased to name another beneficiary than himself, Voigt, who is named in the certificate, is restricted to one who is included within its terms, viz., families, heirs, blood relations, affianced husband or affianced wife of or to persons dependent upon the member. The appellant, Kersten, contends that the contract between the deceased and the complainant order was such that the deceased had the right to change the beneficiary at any time he saw fit, so long as he complied with the terms of the contract on his part to be performed, and that such right was not and could not be affected by a change in the statute made subsequent to the contract, and further contends that the deceased did all that lay in his power and all that he was required to do to change the beneficiary to herself, and that therefore she is entitled to receive the fund the same as though she had been named in the certificate in the place of Voigt.

"The statute in force July 1, 1887, under which the complainant body was organized and operating at the time of the issuance of the certificate to the deceased, reads, in part, as follows: 'That corporations, associations or societies for the purpose of furnishing life indemnity or pecuniary benefits upon the death of a member, to the widows, heirs, relatives, legal representatives or. the designated beneficiaries of such deceased member, * * * may be organized.' (3 Starr & Curtis' Stat.

chap. 73, sec. 122.) And the by-laws of the complainant in force when said certificate was issued to the deceased, provided, in part, as follows: 'On the death of a member of this order in good standing the endowment shall be paid, first, to such person or persons as he may designate in his last will and testament or endowment certificate; second, to his widow; third, to his orphans; fourth, to his heirs.' Then follow provisions relating to a reversion and forfeiture to complainant in case the member shall leave no will or designated beneficiary, and no widow, orphans or heirs.

"The certificate in question was dated January 14, 1893. Thereafter, and on June 22, 1893, another statute relating to and governing the same class of societies as the complainant order went into force, whereby it was provided that 'payment of death benefits shall only be made to the families, heirs, blood relations, affianced husband or affianced wife of or to persons dependent upon the member, and such benefits shall not be willed, assigned or otherwise transferred to any other person.' Hurd's Rev. Stat. 1893, chap. 73, sec. 258.

"Subsequent to the passage of the statute of 1893, above quoted in part, the complainant, in 1894, amended and revised its by-laws to conform to the new statute, and adopted the quoted words of the statute, except by omitting the words 'affianced husband,' as an amendment to its endowment law. By the same revision it was provided as follows: 'This endowment law shall go into full force and effect on January 1, 1895. ＊ ＊ ＊ The old endowment law as now in force shall be the law and guide for the payment and collection of assessments and payment of death claims until December 31, 1894, inclusive, in all subordinate courts, such accounts to be continued in the old account books of the subordinate courts and high court; but on and after January 1, 1895, new and separate accounts shall be opened with the members in such subordinate courts, in such books as may be adopted

by the high board of directors, and new and separate accounts be opened for such courts in the high court.'

"Thus there was nothing, either in the statute or in the laws of the complainant order, that prevented the appellee, Voigt, from being named as beneficiary in the certificate at the time the deceased became a member of the order and of the issuance of the certificate, and as the law then stood the member had not only the right to name Voigt as beneficiary, but he had also the right to subsequently appoint another beneficiary in the place of Voigt. Until after the death of the member the beneficiary acquired no vested right to the fund named in the certificate, and the right to appoint another remained in the member during his lifetime without limit or restriction, except such as was imposed by the statute or the laws of the order. *Martin* v. *Stubbings,* 126 Ill. 387.

"Neither appellee nor appellant would be eligible as a beneficiary under the statute of June, 1893. Both or either of them were eligible under the provisions of the act in force at the time the certificate in question was issued, in January, 1893. The evidence does not show that the deceased had (and it was conceded upon the argument that he had not) any relatives or connections or persons dependent upon him who would be eligible to take under the provisions of the act of June, 1893. Therefore, by the passage of the act of June, 1893, if the right to name a new beneficiary outside of the class mentioned in that act was taken away from the deceased, then the benefit fund must be paid to the party therein named, the appellee, Adolph Voigt, or the fund must revert to the complainant order. At the time the contract was made between the deceased and the complainant order this right to appoint the beneficiary or change the name existed, and, we think, was an important part of the contract entered into. It would seem that the construction of the act passed in June, 1893, giving it the effect to destroy that right of appointing a beneficiary or naming

another beneficiary which existed in favor of the deceased under his contract prior to the passage of the act, would be to give the act a retrospective effect and destroy the obligation of the contract entered into between the deceased and the complainant. It is a recognized rule in the construction of statutes that they should be so construed as to give them a prospective operation only, and they should be allowed to operate retrospectively only where the legislative intention to give them such operation is clear and undoubted. *Benton* v. *Brotherhood of Railroad Brakemen*, 146 Ill. 570.

"It is evident by the acts of the deceased before his death that he no longer wished the fund to be paid to the appellee; that his desire and wish was, at the time of his death and prior thereto, that the appellant should receive the fund derived from the certificate in question. He applied to the complainant for the change to be made in the certificate, making her the beneficiary, instead of Voigt, and, not content with such application to the society, he also made an attempted will, clearly designating her as the person whom he desired to receive the money derived from the payment of said certificate. In other words, he did all that was in his power to do to make the change to secure to appellant the money in question, and the fact that the complainant society refused to make the change could have no weight to deprive the appellant of the fund, if the right existed in deceased to make such change. We think that the right to make this change was one of the considerations entering into the contract at the time that the deceased obtained his certificate from the complainant, and that it was a material right, and one that could not be taken away by the legislature, and we do not think that the legislature intended, by the act of June, 1893, to affect certificates of insurance issued prior thereto.

"Our conclusion is, that the decree of the Superior Court in awarding the fund to Voigt was erroneous, and

it appearing that the said fund was paid into the said Superior Court by the said complainant, the said decree is therefore reversed, with directions to the Superior Court to enter a decree in favor of the appellant for the said fund remaining in the said Superior Court; and the controversy appearing to have been conducted in a good faith effort to determine to whom the fund should be paid, we think the costs in both this court and in the Superior Court should be paid out of the fund, and it is therefore ordered that the appellant be required to pay the costs in both courts as a condition precedent to her right to have the fund paid to her."

The defendant in error enters a motion in this court to dismiss this writ of error on the ground that the amount involved in the decree from which this writ of error is sued out, so far as it affects the plaintiff in error, involves less than $1000. This motion is based on the fact that though the sum of $1000 was paid into the court by the Independent Order of Foresters, $60 was ordered to be paid on costs of defendant in error and $40 was ordered to be paid as master's fees. We have held the rule to be that the amount involved in the trial court determines the jurisdiction of this court, and the sum of $1000 paid in by the interpleader gives this court jurisdiction. *Gilmore* v. *Courtney,* 158 Ill. 432; *Chicago and Alton Railroad Co.* v. *Davis,* 159 id. 53.

We fully concur with the reasoning and conclusion of the Appellate Court in this case, and the judgment of the Appellate Court is affirmed. The cause will be remanded to the Superior Court of Cook county, with directions to enter a decree in favor of the defendant in error, Anna Rosina Kersten, in conformity with the report of the master in chancery therein and judgment of the Appellate Court, the costs to be paid out of this fund by the defendant in error for the reasons stated in the opinion of the Appellate Court.      *Judgment affirmed.*