## Henry Baldwin v. Ellen E. Begley, High Court of Independent Order of Foresters, et al.

1. BENEFICIARY ASSOCIATIONS—*Right of the Insured to Change the Beneficiary.*—Where the right of a person insured in a beneficiary association to change the name of the beneficiary named in the certificate exists by the statute under which the association is organized at the time the certificate is issued the right can not be taken away by subsequent legislation. (Kersten v. Voight, 61 Ill. App. 42, followed.)

Bill of Interpleader.—Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed October 27, 1899.

Statement.—In 1885 William G. Turner became a member of the Independent Order of Foresters of the State of Illinois, and received from the order an endowment certificate providing that on his death $1,000 should be paid to his wife, Mary Turner, unless another certificate had been "issued at his request in accordance with the laws of this order." For the purpose of so joining the order, and before the issuance of such certificate, Turner made and signed an "Application for Membership," containing among other provisions the following :

"I direct that in case of my decease all benefit to which I may be entitled from the Independent Order of Foresters of the State of Illinois be paid to Mrs. Mary Turner, related to me as wife, subject to such future disposal of the benefit

to my widow, orphans, heirs or devisees as I may hereafter direct, in compliance with the laws of the order."

" I hereby consent and agree that this application shall form the sole basis of my admission to and membership in this order."

" I agree  *  *  *  to conform in all respects to the laws, rules and usages of the order now in force, or which may hereafter be adopted by the same."

He signed at the same time an "obligation" beginning as follows :

" In the presence of Almighty God and these witnesses, I do, of my own free will and accord, most solemnly promise that I will strictly comply with all laws, rules and usages of this fraternity established by the High Court of the Independent Order of Foresters of the State of Illinois."

The endowment certificate mentioned above was issued by the high court of said order on said application " upon condition that the said member complies in the future with the laws, rules and regulations now governing the said order, or that may hereafter be enacted by said high court." This certificate was accepted by Turner in writing " on the conditions named."

In August, 1894, at a regular annual session of the high court of said order, it was enacted :

" Payment of death benefits shall only be made to the family, heirs, blood relations, affianced wife of, or to persons dependent upon the member, and such benefits shall not be willed, assigned, or otherwise transferred to any other person."

This law of the order conformed to the provisions of the statute which went into force July 1, 1893, and is still unchanged, in regard to fraternal beneficiary societies. At the same session of the high court it was further enacted :

" This endowment law shall go into full force and effect on January 1, 1895." " The old endowment law, as now in force, shall be the law and guide for the payment and collection of assessments and payment of death claims until December 31, 1894."

These by-laws have been in full force, unchanged, since January 1, 1895, as the laws of the order governing the payment of death benefits.

In March, 1895, Mary Turner died, and Turner shortly, thereafter, on April 1, 1895, surrendered to said high court said endowment certificate with the signed request that another be issued payable at his death to one Ella Veronica Hinchey, stating that she was related to him as niece. Subsequently, May 18, 1897, Turner made affidavit that the endowment certificate issued to said Ella Veronica Hinchey had been either lost or destroyed, and therein requesting the issue of another payable to Ellen E. Begley, stating also therein that she was related to him as niece.

Ella Veronica Hinchey was not a niece of said Turner, nor was Ellen E. Begley, nor was either of them a member of his family, his heir, blood relation or affianced wife, or person dependent upon him. They were his wife's nieces.

Turner died on May 26, 1897, a member of said order in good standing, and after his death, an endowment certificate, bearing date May 28, 1897, appears to have been executed by the officers of said society, payable on his death to said Ellen E. Begley. This certificate was not and could not have been accepted by Turner because it was made two days after his death.

By a codicil to his will said William G. Turner provided as follows, viz. :

"Said one thousand dollars ($1,000) due my heirs from Court Enterprise Number 36, I. O. F., be and the same is hereby bequeathed to Ellen Ester Begley, daughter of Michael J. Begley."

Turner left him surviving the said Margaret Baldwin, Lottie E. Baldwin, Inez F. Baldwin, Henry Baldwin, Anna Palmer and Clara Palmer, the children of two deceased sisters, his only heirs at law and next of kin.

After the death of Turner, Ellen E. Begley commenced a suit at law against the order to recover this fund. The order thereupon filed a bill of interpleader in the Superior Court of Cook County making the said Ellen E. Begley, Ella Veronica Hinchey, Margaret Baldwin, Henry Baldwin, Inez F. Baldwin, Anna Palmer and Clara Palmer parties defendant, and admitting that it held the said fund of $1,000,

and was willing to pay it to such person or persons as were lawfully entitled to it.

Ellen E. Begley, answering the bill of interpleader, claimed the fund under the said endowment certificate executed by the officers of said order after the death of Turner and also as legatee under the said codicil.

Ella Veronica Hinchey, being a minor, answered in the usual and regular form by guardian *ad litem*.

Margaret Baldwin, Henry Baldwin, Lottie E. Baldwin, lnez F. Baldwin, Anna Palmer and Clara Palmer answered, claiming that they were entitled to the fund as the only heirs at. law and next of kin, by default of valid appointment of beneficiary or legatee, and that all of them, excepting Henry Baldwin, being non-residents, had assigned all rights therein to him.

The decree contained findings of all material facts, and on these facts the court decreed that the said fund was payable to Ellen E. Begley, and ordered said society to pay the same to her or her solicitors. From this decree Henry Baldwin has taken an appeal to this court. The only contest in the case is between appellant and appellee Ellen E. Begley.

JAMES F. CRAHEN, attorney for appellant; SAMUEL ADAMS of counsel.

KEENAN & HEAP, attorneys for appellee Ellen E. Begley.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

In Voight v. Kersten, 164 Ill. 314, the Supreme Court adopt as the opinion of that court the opinion prepared by Mr. Justice Shepard in that case, found in 61 Ill. App. 42. The writer has examined the abstract of record in that case, now on file in this court, and finds that the facts in that case and in the case at bar are in substance the same. The case at bar is in principle and in the material facts on all fours with the Voight case. It is therefore unnecessary to here

678    Appellate Courts of Illinois.

enter into any discussion of the questions of law or fact in this case. We need only refer to the opinion in the Voight case as expressing our opinion in this case.

The judgment of the Superior Court of Cook County is affirmed.