Marshall v. Modern American Fraternal Order, 184 Ill. App. 224.

## Florence Marshall et al., Appellees v. Modern American Fraternal Order, Appellant.

1. INSURANCE, § 763*—*commencement of limitation period under incontestable clause when new benefit certificate is issued.* Where the original benefit certificate contains a clause making the certificate incontestable after three years, and a new certificate is issued the same as the original, except that the names of the beneficiaries are changed, the limitation period commences from the date of the original certificate and not the date of the new certificate.

2. INSURANCE, § 717*—*when by-laws of a fraternal insurance order will not be construed retroactive.* A by-law passed after the issuing of a benefit certificate will not be held retroactive and applicable to certificates then in force unless such intention is expressly declared or must necessarily be implied from its language, and such is the rule where a member has stipulated to be bound by subsequently enacted by-laws.

3. CONTRACTS, § 187*—*when court will adopt construction of the parties.* Where parties to a contract have placed a construction upon the contract, or where they have had dealings between themselves, and have by their conduct and dealings placed a construction thereon, such construction will be adopted by the court, unless it is contrary to the plain terms of the contract.

4. INSURANCE, § 717*—*when a by-law enacted after the issuance of a benefit certificate will be construed prospective.* Where a benefit certificate is issued at the time of the existence of a by-law making the certificate incontestable after three years, except for a misrepresentation as to age, or nonpayment of dues, and later a by-law was adopted which repealed the former by-law making the benefit certificate incontestable and provided that the certificate shall be void if the member commits suicide at any time, *held* that the insurer by issuing a new certificate to the member after the adoption of the latter by-law, containing the same incontestable clause as in the former certificate, construed the latter by-law as prospective only and not retroactive.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

Appeal from the Circuit Court of Greene county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed October 16, 1913.

DAVID L. WRIGHT, for appellant.

M. MEYERSTEIN, JR. and RAINEY & JONES, for appellees.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

On the 28th day of July, 1900, appellant, a Fraternal Insurance Order organized under the laws of the State of Illinois, issued a benefit certificate to Jackson Marshall for the principal sum of one thousand dollars. On May 3, 1910, at Marshall's request, a new certificate was issued and the beneficiary changed and appellees became beneficiaries under the new certificate.

Appellees' declaration avers that Marshall became a member of appellant Order on the 28th day of July, 1900, when a benefit certificate was issued making the wife of Jackson Marshall beneficiary. The declaration further avers that on May 3, 1910, almost ten years after the date of the issuance of the first policy, appellant Company, at the request of Marshall, issued a new certificate in which at his request appellee became the beneficiaries and were beneficiaries at the time of his death. The declaration further makes all necessary averments as to compliance with all rules and regulations of the order, together with the death of Jackson Marshall on May 24, 1911, and the furnishing proofs of loss, etc. The declaration avers further that the contract of insurance between Marshall and appellant was entered into on the 28th day of July, 1900, the date of the original certificate; that the new certificate of May 3, 1910 was issued for the sole purpose of changing the beneficiaries; that the new certificate was identical with the original except as to beneficiaries; and that the contract of insurance must be considered

226    APPELLATE COURTS OF ILLINOIS.

Marshall v. Modern American Fraternal Order, 184 Ill. App. 224.

and held to have been made at the date of the original certificate, notwithstanding the new certificate was afterwards issued.

Defendant pleaded the general issue and three special pleas; to the special pleas a demurrer was sustained. The question of the ruling of the court in sustaining the demurrer to these pleas is not before this court, for the reason that appellant took leave to file four additional pleas which contain all of the matters set forth in the pleas to which the demurrer was sustained.

The first additional plea avers that plaintiffs ought not to have and maintain their action for the reason that the beneficiary certificate declared upon constitutes only a part of the contract between defendant and Jackson Marshall, that the original certificate was issued upon the written application of Marshall, and contains the clause stating it was issued.

"Upon condition that the statements made by said member in his or her application for membership and in answer to the interrogatories of the local medical examiner are true, full and correct; also issued subject to the laws, rules and regulations of the Order now in force or that may thereafter be promulgated, and all are made part of the contract."

The plea then avers that at the time of the issuance of the original certificate in plaintiffs' declaration mentioned the following by-law was in force and effect:

"Incontestable Certificate 50. The benefit certificate issued by this Order shall be incontestable after three years except for misrepresentation as regards age and for failure to pay any dues and assessments."

Also avers that if the insured had not correctly stated his age, then the beneficiary should be paid only such amount as they would be entitled to had the correct age been stated. The plea then avers that after the date of the original certificate, and on the 30th day of August, 1901, being less than three years from the date

of the original certificate and prior to the death of the said Jackson Marshall, the defendant society adopted, promulgated and put in force the following by-law:

"Suicide. Section 53. If any person holding a beneficiary certificate comes to his or her death by the hand of his or her beneficiary or beneficiaries, except by accident, or if he or she shall come to his or her death by his or her own hand. whether sane or insane, then the beneficiary certificate of such member shall be null and void.   *   *   *   Section 92. All laws or parts of laws heretofore enacted or amended, except as herein specified, are hereby repealed."

The plea then further avers that on the 24th of May, 1911, the said Jackson Marshall came to his death by his own hand.

The second additional plea avers that the same was issued upon the written application of Jackson Marshall, and contained the same clause in regard to the rules and regulations then in force or which might thereafter be promulgated. The plea further avers that by section 43 of the Revised Laws it is provided as follows:

"A member in good standing may surrender his or her beneficiary certificate and have a new one issued subject to the laws of the Order, such changes to be made upon petition, accompanied by fifty cents certificate fee, signed by the member, attested by the Secretary   *   *   *   and the issuing of such new certificate shall cancel and render null and void such previous certificate to such member."

The plea further avers that on the 29th of April, 1910, the said Jackson Marshall desired to surrender his original certificate and have a new one issued to him, subject to the laws of the Order as provided in said section 43, that he surrendered his certificate and that on May 3, 1910, the new certificate set forth in plaintiffs' declaration was issued, that thereupon from that time the original certificate was null and void and the certificate of date May 3, 1910, was the only contract

228    APPELLATE COURTS OF ILLINOIS.

Marshall v. Modern American Fraternal Order, 184 Ill. App. 224.

of insurance existing between Marshall and the defendant Order. The plea further avers that it is expressly provided that if a member while in good standing in three full years from the date of said certificate, to wit: from the 3d day of May, 1910, should die by his or her own hand, whether sane or insane, then said certificate should be null and void and no recovery should be had upon the same. And further avers that on the 24th of May, 1911, the said Marshall died by his own hand.

The third additional plea avers the issuance of the original certificate on the 28th of July, 1900, and that for the purpose of changing beneficiaries Jackson Marshall surrendered that certificate and a new certificate was issued to him of date May 3, 1910, as alleged in the declaration, and that thereupon the original certificate became null and void, and that new certificate was the only contract of insurance between Marshall and the defendant Order, the repeal of the by-law making the certificate incontestable and the adoption of the by-law forfeiting the certificate if the insured committed suicide as alleged in the first additional plea, then avers the death of Marshall by his own hand.

The fourth additional plea avers the same facts as set forth in the others, in a condensed form.

Plaintiff demurred to each of the first, second, third and fourth additional pleas, and the demurrer was sustained by the court. Defendant elected to stand by these pleas, withdrew the plea of general issue, and the court thereupon rendered judgment on the demurrer and against the defendant for one thousand dollars, the amount of the certificate; from which judgment it appeals, and assigns as error the judgment of the trial court in sustaining the demurrer to these pleas.

The declaration and pleas both set forth the issuing of the original certificate, its surrender and the issuing of the new certificate on May 3, 1910, for the purpose of changing beneficiaries.

Opinion was filed in this cause March 18, 1913, and a rehearing allowed. Upon careful consideration of the petition for rehearing and reconsideration of the arguments presented, we have arrived at a different conclusion than that expressed in our former opinion.

It is conceded by appellant that at the time of the issuing of the original certificate a by-law was in force which provided that the certificate should be incontestable after three years from its date except for a misrepresentation as to age or the failure to pay dues. By its pleas appellant insists that the adoption of the by-law of August 30, 1901, which is as follows:

"If any person holding a beneficiary certificate comes to his or her death by the hand of his or her beneficiary or beneficiaries except by accident, or if.he or she shall come to his or her death by his or her own hand, whether sane or insane, then the beneficiary certificate of such member shall be null and void." abrogated the by-law in force at the date of the original certificate and that the new by-law must control, that this by-law fixes no time within which the provision against committing suicide is prohibited.

Appellant contends that it is not liable under the policy for the reason that the by-law which provided that the policy of insurance should be incontestable after the expiration of three years from its date was repealed August 30, 1901, and that a new by-law then passed which did not contain the limitation period or the incontestable clause, and that under and by virtue of the new by-law the policy became void and no recovery could be had thereunder if the insured committed suicide at any time; also that by reason of the fact that the old policy issued to the insured on July 28, 1900, was surrendered at the time that the new certificate was issued May 3, 1910, that the time for computing the limitation period, if such limitation period is held to be operative, should commence from the date of the last certificate, May 3, 1910.

It is contended on the other hand by appellees that the by-law contained the incontestable clause having been in force at the date of the original certificate, and appellant having issued its certificate containing this incontestable clause, that the certificate with the incontestable clause then became such a contract that the insured acquired a vested interest thereunder and that any by-law passed by the Order abrogating the conditions of this contract should not be applied thereto, and that the by-law passed on August 30, 1901, should not be given a retroactive effect, but should be held to apply only to policies issued after that date. Appellees also insist that the limitation period in the new certificate should begin to run from the date of the original policy, that being the time when the deceased became a member of the Order, and having remained a member of the Order for nearly ten years, the issuing of the new certificate did not create the beginning of a new time from which to count the limitation period.

Notwithstanding the contention of appellant that its by-law in force when the original certificate was issued was repealed, it issued to the insured on May 3, 1910, almost nine years after the promulgation of this new by-law, its new certificate with the following clauses therein:

"In the event that said member while in good standing, shall come to his or her death by the hands of a beneficiary, except by accident, or if in three full years from the date hereof said member shall die by his or her own hand, whether sane or insane, then this certificate shall be null and void and no recovery shall be had on the same.

It is hereby agreed and understood that this certificate shall be incontestable after remaining in force three full years after the date thereof."

These clauses are in direct conflict with the by-law which it is insisted by appellant shall control, and it is a familiar rule of law that where a contract is writ-

ten by one party and its terms conflict, the construction most favorable to the other party will be adopted.

Two questions are thus presented by this record, one, whether the limitation period of three years under which the policy might be contested by reason of the suicide of the insured commences at the date of the original policy or at the date of the new certificate; the other, whether the by-law passed by the appellant order on the 30th day of August, 1901, repealing the old by-law providing for the incontestable clause, and providing that the policy should be void if the insured committed suicide at any time, whether sane or insane, shall be held to apply to this policy. As to the limitation period, the issuing of the new certificate did not make any new contract with the insured except as to who should be beneficiaries thereunder, and the time of the computation of the three-year limitation period, if applicable, must be held to be the date of the original certificate.

The authorities of this State hold that a by-law passed after the issuing of a benefit certificate will not be held to be retroactive and applicable to certificates then in force, unless the intention that it shall be so operative is expressly declared or must necessarily be implied from its language, and this rule is adopted even where a member has stipulated that he will be bound by the laws of the Order that may thereafter be enacted. *Benton v. Brotherhood of Railroad Brakemen,* 146 Ill. 575; *Voigt v. Kersten,* 164 Ill. 314; *Covenant Mut. Life Ass'n. v. Kentner,* 188 Ill. 431; *Nowak v. Murray,* 127 Ill. App. 132.

Without determining the question as to whether the insured obtained a vested interest in this policy and by reason of which appellant could not pass a by-law applicable to his certificate, the rule of law is well settled that where parties have entered into a contract and have placed a construction upon that contract, or where parties have had dealings between themselves, and have, by their conduct and dealings placed a con-

struction thereon, then the courts will follow that construction; and that construction will be adopted by the court unless it is contrary to the plain terms of the contract. Appellant had in force the by-law which provided that the certificate should be incontestable after the expiration of three years, except for the reasons stated, on July 28, 1900, issued its certificate containing this incontestable clause and on August 30, 1901, adopted a by-law repealing the by-law providing the certificate should be incontestable, but notwithstanding the adoption of the by-law on August 30, 1901, almost nine years after adopting the by-law repealing the former by-law providing for the incontestable clause, issued its new certificate to Marshall containing the same incontestable clause of the original certificate. If it was the intention of the appellant Order that the repealing of the incontestable by-law was to be applicable to all policies issued prior thereto, then why did appellant issue its new certificate, upon the surrender of the old one, containing the same incontestable provisions?

By issuing its new certificate containing the same incontestable clause, appellant Order has construed its by-law to be only prospective, and not retroactive, and in so doing has held that it does not apply to the certificate issued to Marshall in force at the time of the adoption of the new by-law; and having adopted that construction, the court will follow it. *Hall v. First Nat. Bank,* 133 Ill. 234; *Street v. Chicago Wharfing & Storage Co.,* 157 Ill. 605; *Ingraham v. Mariner,* 194 Ill. 269.

For the reasons hereinbefore stated, the pleas filed by appellant present no defense to the declaration, and the trial court properly sustained the demurrer, and the judgment is affirmed.

*Affirmed.*