New York County. — HON. D. C. CALVIN, Surrogate.—
June, 1877.

## STINDE *v.* GOODRICH.

*In the matter of the application of* AUGUSTA STINDE
*and others to have* WILLIAM W. GOODRICH *account
as administrator of the estate of* JOSEPH R. WALTER,
*deceased, and for an order of distribution.*

When several persons, some male and others female, perish in a common
catastrophe, *e. g.,* loss of a vessel at sea, and there is no positive evi-
dence as to which perished first, there is no presumption that the
males survived longest, but it will be presumed that they all perished
together. *So held,* in the case of a mother and an infant son.

THE petition of Augusta Stinde, Conrad R. Stinde
(her husband), William Whist, Adel Krone, Fritz Koch
and Elsie Koch, as sole next-of-kin of the decedent,
who died May 8, 1875, intestate — about seven years
old — stated that all the petitioners, except Conrad R.
Stinde, are the brothers and sisters of Charles W.
Walter, deceased (the father of the intestate), and
that decedent left no near relative, nor any other of
like degree; that letters of administration upon de-
cedent's estate were issued, more than a year ago, to
William W. Goodrich; that the administrator, soon
after his appointment, received upwards of $15,000
belonging to the estate, which remained in his hands,
and that there were no debts or claims against the
said estate; that petitioners had applied to the admin-
istrator for an accounting, and for a payment of some
part of the personal property due to them, and the
administrator had refused, and prayed an accounting

and payment. The same petitioners set forth the same facts in the matter of the estate of Mary R. Walter, deceased, and prayed the same relief.

The administrator submited an affidavit answering both petitions, stating that he had received upwards of $17,000 belonging to the estates respectively; had advertised for claims, and no claim has been presented, except by Joseph Ridgway and others, administrators of Mary Ridgway, for the support and maintenance of decedents, which had been referred; that he was ready and willing to file an account; that the estate consisted of money, which the decedent, Mary R. Walter, inherited under the will of her grandfather, being a trust fund, the income whereof was to be paid to her mother during her life, and at her death, to decedent, and, in addition, $2,356.32, income of a trust fund under the will of her mother; that decedent, being about ten years old, with her father, her brother, and grandmother, sailed on the steamship "Schiller" the 27th of April, 1875, which ship was lost May 7th, 1875, and decedent, with her father, and grandmother, and brother, were drowned; but a suit was pending for the construction of the decedent's mother's will, in which the question of survivorship is raised, and its decision will determine who is entitled to the decedent's property. If the court decided that the father survived, then his executors were entitled; if the grandmother survived, then a different class of persons would be entitled. The petitioners reside in Europe and in Missouri, and the administrator claimed the estate should not be distributed until those questions are decided.

The administrators with will annexed, of Mary Ridgway, deceased, represent that contingencies may arise rendering it proper for this court to defer distribution of the estate in question.

Geo. C. Genet, *for the petitioners.*

John A. Deady, *for the administrator.*

John D. Taylor, *for Ridgway executors.*

The Surrogate [stating the facts as above]. — I have been furnished with what purports to be the decision of Judge Van Vorst (Supreme Court, special term), in which the question is discussed and determined as to the survivorship, growing out of the loss of the Schiller, in proceedings for instructions to the executor under the will of Elizabeth M. Walter, deceased, for the construction thereof, and a determination whether decedents, in these proceedings, their father or grandmother survived, and in which, after the consideration of the authorities upon the subject, the learned judge reaches the conclusion that, in the absence of any testimony upon the subject, there is no legal presumption of survivorship where persons perish in the same disaster. This decision, it seems to me, is proper and entitled to respect.

In Moehring *v.* Mitchell (1 *Barb. Ch.,* 264,) the learned Chancellor, in speaking of certain English authorities upon the questions involved in these proceedings, says: "In the case of Taylor *v.* Diplock (2 *Phillimore,* 267); Colvin *v.* King's Proctor (1 *Hagg. Ecc.,* 92); and in Selwyn's Case, (3 *Id.,* 784), it appears to have been supposed, in the absence of any evidence to justify a different conclusion, that the

court would be bound to presume survivorship in the husband, where the husband and wife perish together at sea, upon the ground that the greater strength of the male would probably enable him to sustain life the longest in such a calamity." But Greenleaf (1 *Greenl. Ev.*, § 30, *p.* 41, *n.*), speaking of these cases, says that "the point was not much mooted," and at the bottom of the section says: "In the absence of all evidence of the particular circumstances of the calamity, probably this rule (that both perished together) will be found safest and most convenient." Whether the English authorities above cited be recognized as the law in this case, or whether, in the absence of proof, the presumption is that they perished by the common disaster, at the same time, the petitioner in this case would seem to be entitled to the fund in question. According to the English rule, Mr. Walter would be presumed to have survived both his children and the grandmother, and the petitioners are shown to be the next-of-kin, as well of him, as of the decedents, (his children), and in the absence of any suggestion on the part of any of the parties that there is proof of the survivorship of the grandmother, I am of the opinion that the prayer of the petition in this matter should be granted.

Let an order conformable thereto be presented for signature.