## Rose Balder and Bertha Marty v. Augusta Middeke, Adm'x, etc.

1. SURVIVORSHIP—*Presumptions where Persons Perish in a Common Disaster.*—In the absence of evidence from which survivorship can be determined, it will be presumed, for the purpose of settling rights to property, that all persons perishing in a common disaster die at the same time.

2. BENEFICIARY ASSOCIATIONS—*Survivorship where the Insured and Beneficiary Perish in a Common Disaster.*—A person held a certificate in a beneficiary association providing that in case of his death the benefits should be paid to his wife in case she did not die before his death. If she did, the benefits, by the laws of the association, were payable to his heirs.    Both perished in the burning of their dwelling.    *It was held,* in the absence of any evidence showing to the contrary, that both died at the same time; that until the death of the insured the wife's interest in the certificate was a mere expectancy, and as she did not survive him, there was no instant of time when such expectancy could have ripened into a vested right.

Bill of Interpleader.—Appeal from the Circuit Court of Cook County.    Heard in this court at the March term, 1900.    Reversed and remanded.    Opinion filed November 22, 1900.

THOS. H. JOYCE, W. O. LINDLEY and DENT & WHITMAN, attorneys for appellants.

GEO. F. ORT, attorney for appellees.

MR. JUSTICE SEARS delivered the opinion of the court.

The National Union, a fraternal benefit association, began this suit by a bill of interpleader. The bill alleged that one Frederick H. Marty was a member of the association and that a certificate was issued on his life, which by its terms provided that in the event of the death of Marty the benefits should be paid to his wife, Agnes Marty. If she should die before Frederick H. Marty, then the benefits, by the laws of the association, would be payable to the heirs of Marty. Marty and his wife, together with their only child, perished in a common disaster, viz., the burning of their dwelling. There is no evidence by which it can be determined which, if either, predeceased the other. The bill of interpleader was filed to obtain a determination by the court as to whether the heirs of Marty or the heirs of the wife of Marty should be awarded the benefits. The amount due upon the certificate was paid into court, and the petitioner, the National Union, was dismissed and the sum was awarded by the court to the heirs of the wife. The heirs of Marty, the insured, prosecute this appeal. The decree of the court below found *inter alia* that Frederick H. Marty (the insured), Agnes Marty (his wife), and Edwin Marty (their only child), all "died intestate in a common disaster, but there being no evidence of survivorship in that behalf, the court is unable to find which, if any, of said Frederick H. Marty, Agnes Marty and Edwin Marty lived the longer or survived the others, nor whether or not said Frederick H. Marty, Agnes Marty and Edwin Marty all died simultaneously."

The decree also finds that the National Union is a fraternal beneficiary association, incorporated under the laws of the State of Ohio, for the benefit of its members and their families exclusively, and for the purpose of providing

Balder v: Middeke.

a benefit fund from which, upon the death of a member in good standing, the designated sum should be paid to the designated beneficiary of such member, related to such member as member of his family, heir, blood relation, dependent or affianced wife. The abstract presents no laws of the association as introduced in evidence. The decree also finds that Frederick H. Marty left surviving him the defendants, Rose Balder and Bertha Marty, his only heirs at law and next of kin. There 'is no evidence in the record by which it can be determined who were the heirs at law and next of kin of Marty surviving said Marty.

The determination of this cause depends upon the question of survivorship among persons perishing in a common disaster, and where there is no evidence upon which to base a conclusion that one died before the other. In the absence of evidence, the law will not presume that any one of those thus perishing in the common disaster survived any other of them. It is true that the Roman law did recognize a presumption of survivorship in such cases, viz., that the one presumably stronger by reason of age survived the one presumably weaker. And the French laws made like distinction between the sexes, presuming, in the absence of any evidence, that the male survived the female. But the common law of England has never recognized such presumption of survivorship. It will not do, however, to say that in the English common law there is in such cases no presumption whatever, for while there is no presumption of survivorship there is a presumption recognized for the purpose of disposing of property rights, viz., that the ones so perishing together died simultaneously, that is to say, a presumption against the survivorship of either or any of them. 1 Greenleaf on Evid. (13th ed.), Secs. 29 and 30; 1 Jones on Evid., Sec. 60; Best on Presumptions, Secs. 142 and 144 (star 194); 2 Kent (12th ed.), 435; Taylor v. Diplock, 2 Phill. (Eccl. Rep.), 261; In re Selwyn, 3 Hagg Eccl. R., 748; Stinde v. Goodrich, 3 Redf. 87; Coye v. Leach, 8 Metc. 371; Newell v. Nichols, 75 N. Y. 78; Russell v. Hallett, 23 Kan. 276; In re Ehle, 73 Wis. 445; Johnson v. Merithew, 80 Me. 111; In re Willbor, 20 R. I. 126.

In some of these cases the courts take pains to say that there is no presumption at all, either that one survived the other or that both died at the same instant, and that it is merely the rule in such cases that the property be distributed as if the death was simultaneous. It is difficult to perceive how this "rule of distribution" differs from a presumption, acted upon in the absence of evidence to the contrary.

Mr. Best in his treatise upon Presumption says: "The practical consequence is in many cases the same" as if the rule of distribution be called a presumption. And in Russell v. Hallett, *supra*, the court said:

"While, therefore, it is correct to say the law makes no presumption on the subject, the practical consequence is nearly the same as if the law presumed all to have perished at the same moment."

The court might just as well have said that the practical consequence was precisely the same.

The decision in Paden v. Briscoe, 81 Tex. 563, seems to rest upon a finding of fact by the court below that the persons there in question died at the same instant, a conclusion which, in the absence of any such finding of fact, would have equally obtained and governed.

While the variety of announcements by text writers and courts tends to some confusion, yet it seems clear that in the absence of any evidence from which survivorship can be determined, it will be presumed, for the purpose of settling rights to property, that all those perishing in a common disaster died at the same time. This presumption or rule of distribution is the logical and unavoidable consequence of the common law rule that no presumption of survival will be based upon age or sex alone, and it is supported by the decided weight of authority.

It being, therefore, presumed that the insured, his wife and child died at the same time, the question is, did the right to the benefits under the certificate ever vest in Mrs. Marty, the wife, so as to pass by her death to her heirs at law. We think not. If the insured and his wife died at

the same time there was no instant of time in which the expectancy of the wife could have ripened into a vested right. Until the death of the insured the interest of the beneficiary in this certificate was a mere expectancy. Martin v. Stubbings, 126 Ill. 387; Benton v. Brotherhood, 146 Ill. 570; Voigt v. Kersten, 164 Ill. 314; Delaney v. Delaney, 70 Ill. App. 130; Mut. Ben. Assn. v. Rolfe, 76 Mich. 146; Fisher v. Am. Legion, 168 Pa. St. 279.

If when the insured died the wife was not living, her interest never became more than an expectancy, defeated by her death. In re Willbor, *supra;* Paden v. Briscoe, *supra;* Fuller v. Linzee, 135 Mass. 468.

If the decision in Cowman v. Rogers, 73 Md. 403, can be said to be *contra*, we are not disposed to follow it as against the more satisfactory reasoning of the cases above noted.

Counsel for appellee lay some stress upon the language of the laws of the association, in that it provides that " his heirs " are to become beneficiaries, substituted for Mrs. Marty only if she should die before him, contending that inasmuch as there is neither evidence nor presumption that she did die before the insured, therefore her expectancy was not defeated.

In Fuller v. Linzee, *supra*, the Massachusetts court held that a similar provision should be construed to mean that if the beneficiary should not survive to take the benefit, then it should go to the other beneficiary named, although the language there used was, as here, if the beneficiary " should die before." In Paden v. Briscoe, *supra*, the same doctrine was held.

But aside from these announcements as to the proper construction of the language, it seems to us impossible to hold that Mrs. Marty, who did not survive her husband, could have acquired any vested right to the benefit through his death. Therefore, we are of opinion that her expectancy having been defeated by her death, the benefit went to the heirs of Marty, the other beneficiaries named in the provision, and that the decree should have awarded the sum paid into court to the heirs at law of Frederick H. Marty.

The fact that the organic law of the association precluded any provision for benefits for any one not in the relation of member of family, heir, blood relation, dependent or affianced wife, gives weight to the conclusion that the heirs of Mrs. Marty, who sustained no such relation to the insured, can not successfully claim right to the benefit. The evidence abstracted does not show the laws of the association, although the decree finds such to be its law, but the bill filed by the National Union sets up this limitation in the purpose of its incorporation and the answer of appellee admits the allegations of the bill. The same may be said as to the finding of the decree that appellants are " the only heirs at law and next of kin " of Frederick H. Marty, deceased. There is no evidence abstracted upon which this finding could be properly based. But the bill of interpleader alleges such to be the fact, and the answer of appellee admits the allegations.

The decree is therefore reversed and the cause is remanded for further proceeding consistent with this decision. Reversed and remanded.