# Annie McGrew v. Jessie Glendora McGrew.

1. BENEFICIARY ASSOCIATIONS—*Right of Members to Change the Beneficiary.*—A member of a beneficiary association may designate as his beneficiary, any one permitted by the law and rules of the association, and, subject to the same limitations, may from time to time change his beneficiary at will.

2. SAME—*Members Do Not Acquire Beneficial Vested Rights.*—Beneficiaries named in the certificate of a beneficiary association do not acquire any beneficial vested rights therein during the lifetime of the member, merely by reason of their being selected and named as such beneficiaries. They ordinarily have only an expectancy, which may be defeated by a change of the beneficiary according to the law and rules of the association, at the will of the member.

3. SAME—*Limitations upon the Rule Where Money Has Been Advanced by a Named Beneficiary.*—Where a properly appointed beneficiary has, upon the security offered by the certificate, advanced moneys to the member so that it would be inequitable to permit such member to deprive the beneficiary of such security, the right of the member to change the certificate at will, is limited by the equitable right acquired by the beneficiary.

4. SAME—*Equitable Rights Acquired in the Certificate.*—Equitable rights may be acquired in a beneficial certificate, which may be enforced in a court of equity; so when, in consideration of large sums of money advanced to the member, he pledges his certificate to the person advancing the money, such person will acquire equitable rights in the certificate which may be protected in a court of equity.

**Bill for an Injunction, etc.**—Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in this court at the March term, 1900. Affirmed. Opinion filed January 24, 1901.

. **Statement.**—One John F. McGrew obtained, as a member of the Ancient Order of United Workmen, a certificate, called a beneficiary certificate, issued by the order, and entitling the person named therein as beneficiary to the sum of $2,000, to be paid by the order upon the death of said McGrew. The person named as the beneficiary in the certificate as first issued was Margaret McGrew, who, at the date of the issuing of the certificate, viz., November 24, 1881, was the wife of John F. McGrew. In September,

1892, Margaret McGrew died, and on November 17, 1892, a second certificate was issued in lieu of the first one, by the terms of which Jessie Glendora McGrew, daughter of John F. McGrew, and the appellee here, was named as beneficiary.

Upon February 4, 1898, a third certificate was issued by the order in lieu of the one last above noted, by the terms of which Annie McGrew, then the wife of John F. McGrew by a second marriage, and appellant here, was named as beneficiary.

John F. McGrew died on March 7, 1898. This suit presents a contest between the daughter, appellee, named as beneficiary in the second certificate issued by the order, and the wife, appellant, named as beneficiary in the third certificate issued, for the money which the order was obligated to pay as insurance money, called benefit, upon the death of its member, John F. McGrew.

The laws of the order permit change of beneficiaries in its certificates to be made in the manner following :

" Any member holding a beneficiary certificate, desiring at any time to make a new direction as to its payment, may do so by authorizing such change in writing on the back of his certificate in the form prescribed, attested by the recorder, with the seal of the lodge attached, and by the payment to the grand lodge of the sum of fifty cents; but no change of direction shall be valid, or have any binding force or effect, until such change shall have been reported to the grand recorder, the old certificate, if practicable, filed with him, and a new beneficiary certificate issued thereon, and said new certificate shall be numbered the same as the old certificate; provided, however, should it be impracticable for the recorder to witness the change desired by the brother, attestation may be made by a notary public or an officer of a court of record, seal to be attached in attest."

Among rules governing the order is the following, in form of a decision by the grand lodge of the order, adopted in 1886 and in force when the matters herein involved occurred :

" A brother desiring to make a new direction for the payment of his beneficiary certificate, and whose certificate is

in the hands of the beneficiary, who refuses to surrender the same, must make application for a duplicate of his beneficiary certificate to the grand recorder, through the recorder of his lodge, accompanied by an affidavit setting forth the facts in the case."

At the time of the issuing of the third certificate to appellant, viz., February 4, 1898, the second certificate was in the possession of appellee, and John F. McGrew was aware of this fact. No demand was made by him upon appellee to deliver this certificate. The following affidavit, purporting to have been made by John F. McGrew, was introduced in evidence.

" John F. McGrew, being duly sworn, on oath says, that he is a member of Garfield Lodge No. 195, of the Ancient Order of United Workmen, at Chicago, in said county and State, and that he was the holder and owner of certificate No. 37, issued by and under the seal of the Grand Lodge of the Ancient Order of United Workmen of this State, and that said certificate is lost, or is beyond his control; has been misplaced and can not be found, although he has sought diligently for the same; said certificate was made payable to Jessie Glendora, beneficiary; that he desires a new one in lieu thereof.

J. F. McGREW."

Subscribed and sworn to the 5th day of February, A. D. 1898.

The certificate issued upon this affidavit and application is the one now held by appellant, making her the beneficiary.

After the death of John F. McGrew appellee began this suit against appellant, the grand lodge of the order, and others, officers of the order, by filing her bill of complaint, by which substantially the foregoing facts were set up, and by which it was further alleged that complainant, appellee, had loaned money to John F. McGrew, and that she held the second certificate issued by the order, making her the beneficiary, as security for such advances; that part of the money so advanced by appellee was for the payment of the monthly assessments in this order upon the benefit certificate in question, and that the total of all advances

was in excess of $2,000; that the affidavit and application for a change of beneficiaries was not signed by said John F. McGrew, or if signed by him, was procured through mis representation, intimidation and fraud; that at the time of the purported execution of the affidavit McGrew was in feeble health, mentally impaired and unfit to transact business; that the certificate held by appellee was in her possession at the time of the issuing of the new certificate, and that the rights of appellee were known to the officers of the order. The bill prayed for an order enjoining payment by the order to appellant, and directing payment to appellee. A cross-bill was filed by appellant, setting up the third certificate, held by her, and praying that the order be decreed to pay the benefit money to her.

The evidence showed that appellee had advanced moneys to John F. McGrew, which, with the interest, equals the amount of the benefit due upon the certificate. Appellee testified in relation to the advances made for and to John F. McGrew: "We had a general talk on paying bills. I was to get my money back, when he died, from these workmen, for all moneys I spent." This evidence is undisputed. The evidence establishes that appellee held the certificate secondly issued at the time the third certificate issued, and that the same was not then lost, as alleged alternatively by the affidavit; that John F. McGrew was aware that she had it; and that he had made no demand upon her to surrender it. As to the mental condition of McGrew at the time of the execution of the affidavit and application for a change of beneficiaries, there was a conflict in the evidence.

The chancellor found that appellee did advance, at different times, sums of money to John F. McGrew upon the certificate held by her and upon assignment of the certificate and contract between said John F. McGrew and appellee; that the moneys so advanced amounted, with interest, to $1,998.92 on February 4, 1898; that certificate issued last, by which appellant was made the beneficiary, was issued by reason of fraudulent representations made to grand lodge by J. F. McGrew, at time said certificate was

issued; that J. F. McGrew falsely and fraudulently represented to the grand lodge that the second certificate, in which appellee is beneficiary, was lost and beyond his control, and that the grand lodge, believing the certificate lost as represented by McGrew, issued the last certificate, in which appellant is the beneficiary; that appellee holds the only legal certificate, and is the only legal beneficiary, entitled to recover and receive for her own use the amount in the certificate held by her; decrees payment by the order of the amount due upon the certificate, viz., $2,000, to appellee, and dismisses cross-bill of appellant for want of equity.

From that decree this appeal is prosecuted.

John N. Jemison, attorney for appellant.

William F. Carroll and William Fitz Patrick, attorneys for appellee.

Mr. Justice Sears delivered the opinion of the court.

There is presented upon this appeal one principal and controlling question, viz., whether the member of a beneficial order can at will change the beneficiary in his certificate, providing for payment of a sum at his death, when the person holding the certificate sought to be changed is one who might be made a beneficiary under the law and the rules of the order, and when such person has, upon the security of the certificate, advanced moneys to the member. We are of opinion that he can not. There is no doubt but that the general rule is that a member of such an order may designate as his beneficiary any one permitted by the law and the rules of the order, and subject to the same limitation, may from time to time change his beneficiary at will. In other words, the beneficiary named in such a certificate does not acquire any vested right during the life of the member merely by reason of the fact of being selected and named as a beneficiary. Such person ordinarily has only an expectancy, which may be defeated by the change of beneficiary according to the law and rules of the order, at the

will of the member.    Martin v. Stubbings, 126 Ill. 387; Benton v. Brotherhood, 144 Ill. 570; Voigt v. Kersten, 164 Ill. 314; Delaney v. Delaney, 175 Ill. 187; Balder v. Middeke, 92 Ill. App. 227.

But this general rule is subject to a limitation, viz., that where a properly appointed beneficiary has, upon the strength of the security afforded by the certificate, advanced moneys to the member, so that it would be inequitable to permit the member to deprive the beneficiary of such security, then, by reason of the equitable interest of the beneficiary, the right of the member to change the certificate at will is limited by the equitable right of the beneficiary. Royal Arcanum v. Tracy, 169 Ill. 123.

It is true that in the Tracy case and in the case now under consideration, the decision in the former and the decree in the latter are made to rest in part upon a fraudulent representation by the member to the order as to the status of the former certificate, sought to be changed.    But we regard that as after all not essential, for the doctrine rests for its foundation upon the equitable interest of the beneficiary by reason of which the member can not be permitted, whether by fraudulent representation or by regular procedure, to effect a change which would be in disregard of and to the injury of such equitable interest.

In the Tracy case, *supra*, the court said : "Equitable rights may be acquired in a beneficial certificate which may be enforced in a court of equity" (citing Bispham's Principles of Equity, Chap. 8, 162–167), and "After Tracy, in consideration of a large sum of money to him paid, pledged the benefit certificate to his wife, she acquired equitable rights in it which may be protected in a court of equity."

We do not regard the decision of the Supreme Court in the Delaney case, *supra*, as in any way in conflict with the rule as announced in the Tracy case.    The decision in the Delaney case rests upon the right, in general, of a member to change the beneficiary, and this whether the preceding certificate has been surrendered or not, provided the order, between which and the member the contract of insurance

exists, is satisfied to waive such surrender. Equitable rights on the part of the beneficiary in the certificate sought to be changed were not considered or involved in that decision. The findings of fact by the trial court in the Delaney case included a finding that the member did not give the first certificate to the party claiming under the first certificate, or make any contract with her that she should receive the insurance money mentioned therein, or that he would not change the beneficiary mentioned therein; and, as if further to preclude the existence or force of any equitable right on the part of the beneficiary named in the first certificate, the further finding of fact was made in the decree, that the beneficiary there in question had been guilty of *laches* in the assertion of any right she may have had under the certificate. The Supreme Court said: " It has been held in a number of cases that the mere withholding of a certificate by a beneficiary does not defeat the right of a member to change the beneficiary."

It is apparent that the Delaney case is clearly distinguishable from the Tracy case and from the one now under consideration.

It is urged by counsel for appellant that the trial court erred in permitting appellee to testify, because, it is said, she is made incompetent as a witness by the law, and that by the statute of this State, Chap. 51, R. S., Sec. 2, the incompetency is not removed. If this contention were sound, it would remove from the case the only evidence sustaining the decree as to any agreement between John F. McGrew and appellee to the effect that appellee should be repaid moneys advanced from the amount which would be paid upon the certificate held by appellee. But we are of opinion that this contention can not be sustained. Appellee is not a litigant in any way adverse to the estate of John F. McGrew. No one is suing or being sued as the representative of the estate of a deceased person. This litigation is between appellant and appellee in their own proper persons, and in relation to moneys which, if either obtained, she would acquire as her own property. Therefore we

think that the reservation of the statute does not apply, and that appellee was a competent witness in her own behalf.

The chancellor who heard the evidence has found that the affidavit and application upon which the certificate held by appellant was issued, was false in its representations, and that the certificate held by appellant was issued by reason of fraudulent representations made to the grand lodge by John F. McGrew. We can not say that this finding of fact by the learned chancellor is lacking in sufficient support in the evidence, although, as above noted, we do not regard such fact as an essential to the decree. All the findings of fact upon which the decree is based being supported by the evidence, we are of opinion that the decree properly disposed of the rights of the litigants.

A motion interposed by appellee and reserved to final disposition of the appeal, becomes unimportant by reason of the conclusion reached.

The decree is affirmed.