DONOVAN v. MIDDLEBROOK et al.

(Supreme Court, Appellate Division, First Department. June 10, 1904.)

1. ASSIGNMENT—CONSTRUCTION OF INSTRUMENT.

A broker employed to sell realty was assisted by another, and after a sale gave the other a writing wherein he agreed that the other was entitled to one-half the commission earned, amounting to a named sum. *Held*, that the instrument was not an assignment.

Appeal from Special Term, New York County.

Action by Richard J. Donovan against Frederick J. Middlebrook, individually and as executor of the estate of William M. Ryan, deceased, and another. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Solomon Kohn, for appellant.
John J. Lenehan, for respondents.

McLAUGHLIN, J. This appeal is from a judgment dismissing the complaint at the close of plaintiff's case. The action was brought to recover one-half of brokers' commissions in the sale of real estate under an alleged assignment. The complaint alleged in substance: That in March or April, 1903, the defendants employed one Joseph Toch to secure a purchaser for certain real estate in the city of New York, and agreed, if successful, to pay him a commission of 2 per cent. of the purchase money. That Toch, with the aid and influence of one Horowitz, procured a purchaser to whom the property was sold for $325,000. That Toch thereupon, in consideration of the services of Horowitz, entered into the following agreement with him, which was confirmatory of a previous oral agreement:

"In consideration of one (1) dollar I hereby agree with Salo A. Horowitz, representing Mr. Ralph C. Gerlach in the purchase of the Ryan property from Mary Ryan and Frederick J. Middlebrook executor, that said Horowitz is entitled to one-half the commission earned amounting to $3,250.00, resulting from said sale.

"Dated New York, April 6th, 1903.　　　　　Joseph Toch."

That by this agreement Toch assigned to Horowitz one-half of the commissions earned, of which fact the defendants were informed, and prior to the commencement of the action such claim was duly assigned to the plaintiff, and judgment demanded for $3,250. The answer, among other defenses pleaded, denied substantially all of the material allegations of the complaint upon which plaintiff's right to a recovery was predicated. At the trial the agreement above set forth between Toch & Horowitz was introduced in evidence, and this constituted plaintiff's entire proof as tending to show that any claim which Toch had against the defendants for the commissions earned had been assigned by him to the plaintiff's assignor. Upon this proof the complaint was dismissed, the trial court holding that such agreement did not constitute an assignment of the commission alleged to have been earned by Toch, or any part of it. This ruling of the trial court is challenged, it being urged that the instrument constituted an assignment of one-half of the commissions. The action is at law. The plaintiff predicates his right to a recovery upon the fact that the defendants were indebted to Toch, and Toch assigned a portion of that indebtedness to his assignor. The only evidence of the assignment is the paper referred to, and a bare inspection of it shows, as it seems to me, that it did not constitute an assignment. There are no words in it which either expressly or inferentially can be said to transfer any interest in the claim which Toch had against the defendants to plaintiff's assignor. The agreement is between Toch and Horowitz. At most, it is an agreement on the part of Toch to pay to Horowitz one-half of what the defendants are to pay to him. The fact that the plaintiff called this paper an assignment did not make it so. Wemple v. Hauenstein, 19 App. Div. 552, 46 N. Y. Supp. 288. To constitute a valid assignment, there must be a perfected transaction between the parties, intended to vest in the assignee a present right in the thing assigned. An agreement to pay a certain sum out of, or that one is entitled to receive the same from, a designated fund when received, does not operate as a legal or equitable assignment, since the assignor in either case retains control over the subject-matter. "The test," even of an equitable assignment, "is whether the debtor would be justified in paying the debt, or the portion contracted about, to the person claiming to be assignee." Fairbanks v. Sargent, 117 N. Y. 320, 22 N. E. 1039, 6 L. R. A. 475. "It is the settled doctrine in this state," says the court in Thomas v. N. Y. & G. L. R. Co., 139 N. Y. 163, 34 N. E. 877, "that an agreement, either by parol or in writing, to pay a debt out of a designated fund, does not give an equitable lien upon the fund, or operate as an equitable assignment thereof." In Williams v. Ingersoll, 89 N. Y. 508, Judge Earl said: "Whatever the law may be elsewhere, it must be regarded as the settled law of this state that an agreement, either by parol or in writing, to pay a debt out of a designated fund, does not give an equitable lien upon the fund, or operate as an equitable assignment thereof. It was so decided in Rogers v. Hosack's Executors, 18 Wend. 319. That case was followed, and the same rule laid down, in Christmas v. Russell, 14 Wall. 69 [20 L. Ed. 762], and Trist v. Child,

21 Wall. 441 [22 L. Ed. 623]." The paper in question, as already indicated, did not constitute an assignment, and the trial court was correct in so holding.

The judgment is right, and should be affirmed, with costs. All concur.