**Paeda Farrenkoph et al., Appellants, v. Anna Holm, Appellee.**

## Gen. No. 5,018.

1. FRATERNAL BENEFIT SOCIETY—*who entitled to proceeds of certificate.* An affianced wife, named in the certificate of the deceased member as "cousin," is entitled to the proceeds of a certificate as against the heirs at law and next of kin, notwithstanding the rules of the order required the exact relationship of the beneficiary to be made known in writing before the issuance of the certificate, such an irregularity not being available to any one other than the society.

2.  EVIDENCE—*when party not incompetent by virtue of interest.*
A beneficiary named in the certificate of a fraternal benefit society
is not incompetent as a witness in an action of interpleader in-
volving the rights of conflicting claimants.

3.  FINDINGS OF FACT—*when not disturbed.*  The findings of fact
by a chancellor will not be set aside on review unless clearly and
palpably erroneous.

Bill of interpleader.  Appeal from the Circuit Court of Winne-
bago county; the Hon. ARTHUR H. FROST, Judge, presiding.  Heard
in this court at the April term, 1908.  Affirmed.  Opinion filed
August 10, 1908.

FRED E. CARPENTER, for appellants.

R. K. WELSH, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the
court.

Anna Holm resided in the city of Rockford, Illinois,
and John V. Smith (otherwise known as Valentine
Trunk), boarded at her home for several years before
and after the death of her husband, which occurred
February 7, 1902.  On August 25, 1906, Smith was acci-
dentally killed.  He left a beneficiary certificate dated
August 29, 1902, for $2,000 in the Order of the Colum-
bian Knights payable to Anna Holm, designated
therein as ''cousin.''  Anna Holm, appellee, claimed
this fund, and later John Trunk, a brother, and Beat-
rix Trunk and Paeda Farrenkoph, sisters of deceased,
appellants, also claimed the fund.  On February 2, 1907,
the Order filed a bill of interpleader in the Circuit
Court of Winnebago county, admitting its liability on
the beneficiary certificate, and alleging its willingness
to pay the full amount due thereon to the person le-
gally entitled thereto, and asking the court to deter-
mine to whom such payment should be made, and offer-
ing to pay said money into court, and there leave it
subject to the order of the court.  Appellee filed an
answer in which she admitted that she was not a cousin
to the said Smith, but claimed the insurance money in

VOL. CXLII 22

controversy as his affianced wife, and also as a dependent upon him.

Appellants, Paeda Farrenkoph, John Trunk and Beatrix Trunk Keller, filed a joint answer, claiming the insurance as heirs of said Smith, under the law of the Order, and denying that the said Anna Holm was either the affianced wife of, or dependent upon Smith. The court heard the proofs and held that the bill in interpleader was properly brought, and that upon payment of $2,000 into court, the complainant be discharged. The Order paid the $2,000 into court. The court found Anna Holm, appellee, to be the person named in the beneficiary certificate, and that she was the affianced wife of said Smith, and ordered the fund, less certain costs and $50 solicitor's fees, paid to her. From that decree Paeda Farrenkoph, John Trunk and Beatrix Trunk Keller prosecute this appeal.

The Supreme Lodge of the Order of Columbian Knights was incorporated under an act of 1893, relating to benefit societies, as amended by an act of 1895. The certificate of incorporation provides that benefits shall be paid to the family, heirs, blood relations, affianced husband or wife, or to persons dependent upon the member. Section 250 of the by-laws of the Order reads as follows: ''Each applicant shall enter upon his application the name or names, residence and relationship or dependence of the person or persons of the classes in the next section embraced, or of the charitable institution to whom or which he desires his benefit paid, and the same shall be entered in the beneficiary certificate according to said direction.''

Section 251, among other things, provides that a benefit may be made payable to any one or more persons of any of the following classes, only :
''*    *    *    *    *    *    *    *    *    *    *    *

''Class Second.

To an affianced wife, or to any person who is dependent upon the member for maintenance (food, clothing, lodging or education) ; in either of which cases,

written evidence of the affianced relation or nature of the dependency within the requirements of the laws of the Order must be furnished to the satisfaction of the Supreme Secretary before the beneficiary certificate can be issued."

It is argued that the designation of Anna Holm as "cousin" was false and fraudulent, and therefore she was not entitled to take the fund. It will be observed that the statute under which the Order was organized, and its by-laws, recognize an affianced wife among the persons to whom such Order would pay benefits.

The proof shows that upon the agent asking Smith, at the time he applied for the certificate, the relationship of the beneficiary named, he said, "a sort of cousin," then hesitated, and pledging the agent to secrecy, told him he was engaged to marry her. Thereafter, the agent of his own accord, said "we will put it down, 'cousin' " and did so. Information conveyed to an officer or agent of the order is information to the order. Royal Neighbors of America v. Boman, 177 Ill. 27. Under such circumstances, the Order itself could not object to the validity of the certificate on the ground that the beneficiary was designated "cousin" instead of affianced wife. If it could, neither appellants nor appellee could recover on the certificate.

It is also argued, that the by-laws of the Order required such relationship to have been established in writing before the certificate was issued, and that there was no such proof. This, if true, was no concern of appellants, and would only redound to the benefit of the Order, to be used by it as a matter of defense, which it waived by issuing the policy and filing the interpleader, admitting its liability, and by paying the money into court.

It is contended by appellants that the evidence did not warrant the finding of the court below that appellee was the affianced wife of Smith, and on this question it is claimed that the trial court erred in permitting appellee to testify, on the ground that she is made an

incompetent witness by the law, and that by section 2, chapter 51, Hurd's R. S. 1905, the incompetency is not removed. We are of the opinion that this contention cannot be sustained. Appellee is not a litigant in any way adverse to the estate of Smith. No one is suing or being sued as the representative of the estate of a deceased person. This litigation is between appellants and appellee in their own proper persons, and in relation to money which if they obtained they would acquire as their own property. Therefore the reservation of the statute does not apply. McGrew v. McGrew, 93 Ill. App. 76; Firemen's Insurance Co. v. Peck, 126 Ill. 493. The certificate was made payable to appellee, and the avails would not go to Smith's estate. It would go directly to the beneficiary, and in no event was payable to the deceased or for his benefit, and was not subject to his debts. Stake v. Stake, 228 Ill. 630. If appellee could not take the fund as the affianced wife, or as a dependent upon Smith, appellants might, under class first, section 251 of the by-laws of the order. Their claim would arise by contract under the laws of the Order, which places them in the list of those who would take if the nomination of Mrs. Holm as beneficiary should fail. They would take nothing by descent or inheritance. Hence appellee was a competent witness in her own behalf.

It is contended that the court erred in refusing to allow appellants to show intimate and lover-like relations, not criminal in their nature, between Mrs. Holm and Smith previous to the death of Holm. The certificate was issued August 29, 1902, several months after Holm's death, which occurred February 7, 1902, and after the engagement between Smith and appellee is alleged to have been entered into. It is therefore immaterial whether the relations between appellee and deceased were intimate and lover-like during the lifetime of Holm, or not, as long as they were not meretricious and criminal in their character.

The important question is whether appellee and

Smith were engaged to be married at the time the certificate was issued, and whether that relation continued until Smith's death. Smith told the agent of the Order when he obtained the certificate that he was engaged to Mrs. Holm. Mrs. Holm testified that they became engaged about four months after Holm's death, and that at the time of his death they were planning to go to Michigan and be married the coming fall. A short time before Smith's death two young people were at the house, to whom they both said that they were going to be married soon. They also told a number of other people they were engaged to be married, while to various inquisitive persons they denied that they intended to be married.

It is argued that as Smith roomed and boarded with Mrs. Holm for nearly four years before her husband's death, and that sometime before Smith's death he ceased paying board and assumed the expenses of the household instead, and spent money freely upon Mrs. Holm's little grandchild, the relation between them must have been immoral. No witness testified to any immoral act or conduct of either, and appellant's argument on that subject has for its only foundation the fact that Smith continued to board with Mrs. Holm after her husband's death.

It is contended that the evidence does not warrant the finding of the trial court and does not sustain the decree rendered. The evidence was heard by the chancellor in open court and was conflicting in some particulars. In such cases, to authorize us to reverse as to a finding of fact, the error must be clear and palpable. Johnson v. Johnson, 125 Ill. 510; Rackley v. Rackley, 151 id. 332; Brown v. Stewart, 159 id. 212; Elmsted v. Nicholson, 186 id. 580; Fabrice v. Von der Brelie, 190 id. 460. We find no such error in this record. The facts found by the court that appellee was the party named in the beneficiary certificate, and the affianced

wife of Smith, appear to us to be sustained by the evidence.

The decree is affirmed.

'Affirmed.'