ANNIE P. WARD, Appellant, *v.* NEW YORK LIFE INSUR-
ANCE COMPANY, Defendant, and WALTER K. WARD
et al., Respondents.

Evidence — insurance (life) — claim that insurance policy
was assigned by husband to his wife by oral assignment —
testimony of person claiming insurance under such alleged
assignment not barred under the statute (Code Civ. Pro. § 829)
— when evidence to sustain claim under oral assignment not
sufficient to show that claimant is entitled to insurance as
against beneficiaries named in policy.

1. In applying the rule and test that the plaintiff must establish
his claim by a fair preponderance of evidence, it very likely will and
should occur that the triers of fact will more carefully and critically
scrutinize evidence offered against a dead person's estate for the pur-
pose of deciding whether it does furnish the necessary weight and
preponderance, than would be done if the testimony was offered against
one who was alive to contradict it, but the general rule as to weight
and quality of evidence is no different in one case than in the other.
(*McKeon* v. *Van Slyck*, 223 N. Y. 392, 397, approved; *Rosseau* v.
*Rouss*, 180 N. Y. 116; *Hamlin* v. *Stevens*, 177 N. Y. 39; *Wallace* v.
*Wallace*, 216 N. Y. 28, explained.)

2. When section 829 of the Code of Civil Procedure speaks of
deriving title or interest from, through or under a deceased person it
contemplates property or an interest which belonged to the deceased
in his lifetime and the title to which has passed by assignment or
otherwise through him to the party who is protected by the section.
These authorities do not contemplate a case where a party claims
property from a third person which never belonged to the deceased
and which in fact did not come into existence until his death.

3. A person claiming money directly from an insurance company
by virtue of a designation under a policy cannot be said to be claiming
" from, through or under " the insured in said policy even though
the latter has made the designation.

4. Plaintiff claims an oral assignment of an insurance policy which
was issued to her deceased husband upon his life payable to his
personal representative or assigns. His sons were designated by him
and recognized by the insurance company as beneficiaries under the
policy. The wife claims the proceeds of the policy under an equitable
parol assignment for value antedating the designation of the sons as

beneficiaries. The testimony relied upon by plaintiff is to the effect that the insured said he had assigned to her his life insurance or his life insurance policies, and she says that on the strength of these statements she from time to time loaned him various sums of money, reaching in the aggregate a considerable amount. The insured never executed any written assignment and never delivered to her or surrendered control over the policy. *Held,* that she failed as matter of law to produce evidence which would have permitted the court to find that an assignment had been made.

*Ward* v. *N. Y. L. Ins. Co.,* 175 App. Div. 961, affirmed.

(Argued December 9, 1918; decided January 14, 1919.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 17, 1916, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*E. R. Shepard, Luther A. Wait, Sheridan P. Wait* and *Edgar T. Brackett* for appellant. The policy in suit was duly assigned by the insured to the plaintiff in 1909 as collateral security for money and credit already loaned, and she thereby and thereupon took a vested interest in such policy good as against everyone but a prior assignee. (*Cellery* v. *John Hancock Ins. Co.,* 57 App. Div. 227; *Smith* v. *N. B. Society,* 123 N. Y. 85; *Sabin* v. *Phinney,* 134 N. Y. 423; *Shipman* v. *Protected Home Circle,* 174 N. Y. 398; *M. R. Ins. Co.* v. *Cleveland Mills,* 82 Fed. Rep. 508; *Slocum* v. *N. W. Ins. Co.,* 115 N. W. Rep. 769; *McNeil* v. *Chinn,* 101 S. W. Rep. 465; *Baker* v. *Crosby,* 33 N. Y. S. R. 757; *McDonough* v. *Ætna L. Ins. Co.,* 38 Misc. Rep. 628; *Griffin* v. *P. Ins. Co.,* 43 App. Div. 499.) It was error for the court to strike out the testimony of the plaintiff under section 829 of the Code of Civil Procedure. (*Lyon* v. *Whittaker,* 77 Hun, 107; *Abbott* v. *Doughan,* 204 N. Y. 223; *Cary* v.

*White,* 59 N. Y. 336; *Simmons* v. *Sisson,* 26 N. Y. 264; *Lobdell* v. *Sisson,* 36 N. Y. 327; *Eddington* v. *Ætna Life Ins. Co.,* 77 N. Y. 564; *People* v. *Schuyler,* 43 Hun, 88; 106 N. Y. 298; *Bopple* v. *Supreme Tent,* 18 App. Div. 488; *Savage* v. *Modern Woodmen,* 113 Pac. Rep. 802; *Williams* v. *Campbell,* 84 Kan. 46.)

*Andrew J. Nellis* and *Walter E. Ward* for respondent. Had plaintiff appellant's testimony been retained and considered there was insufficient evidence to support a finding that the policy in suit was ever assigned to her. (*L. W. P. Co.* v. *S. W. P. Co.,* 178 N. Y. 221; *Rupp* v. *Blanchard,* 34 Barb. 629; *Thomas* v. *N. Y. & G. L. R. Co.,* 139 N. Y. 179; *Fairbanks* v. *Sargent,* 117 N. Y. 320; *Donovan* v. *Middlebrook,* 95 App. Div. 366; *Holmes* v. *Bell,* 139 App. Div. 462; *Matter of Van Alstyne,* 207 N. Y. 307; *Bowers* v. *Johnson,* 49 N. Y. 435; *Hamlin* v. *Stevens,* 177 N. Y. 39; *Taylor* v. *Higgs,* 202 N. Y. 65.) Appellant was not competent to testify to the personal transactions and communications between her and the insured in his lifetime. (*Sabin* v. *Grand Lodge,* 8 N. Y. Supp. 185; 6 N. Y. S. R. 151; *Barry* v. *E. L. Assur. Society,* 59 N. Y. 587.)

HISCOCK, Ch. J. The New York Life Insurance Company issued a policy on the life of one Ward in the sum of $5,000, payable on death of the insured to his executors, administrators or assigns. The policy also contained a provision that the insured might at any time change the beneficiary under said policy by written notice and indorsement of the change on the policy by the company. When Ward died opposing claimants to the proceeds of the policy appeared. One one side were his sons who a short time before his death had been duly designated and by the company recognized as beneficiaries under the policy. On the other side appeared

the wife who claimed the proceeds of the policy under an equitable parol assignment for value antedating the designation of the beneficiaries. The company paid the proceeds into court to be contested for by the opposing claimants and judgment has thus far proceeded in favor of the beneficiaries as against the alleged assignee.

While there is no claim that the designation of the defendant beneficiaries was for a valuable consideration, there is on the other hand no question that their designation was made in proper form. The claim of the appellant to an assignment of the policy rests entirely on parol testimony. Two witnesses gave evidence to the effect that the insured had in substance stated that he had made an assignment of his insurance to his wife. The main testimony, however, to sustain the alleged assignment was given by the wife herself who first testified that on one occasion some time before her husband's death, when he desired to borrow some money from her he stated in substance that he would give her a note for what he already owed and would execute as security for new loans assignments of life insurance policies, which it may be inferred included the present one, and that thereupon she loaned him some money. In subsequent testimony, however, she varied her account of this interview and testified to statements then made by her husband which were in conformity with those said to have been made by him at various subsequent times and which were to the effect that he had assigned his life insurance policies to her, that she did not need be afraid to loan him money because she would be repaid or was secured by assignments of his insurance, etc. These statements, which are the ones relied upon on this appeal, were, therefore, to the effect that the insured had assigned to the appellant his life insurance or his life insurance policies, and she says that on the strength of these statements she from time to time loaned him various sums of money reaching

in the aggregate a considerable amount. There is no other intelligible evidence tending to support the theory of an assignment. There is some evidence drawn out by counsel for respondents, on his cross-examination, about a paper or notice said to be from the insurance company and on which there was written: " This is payable to my wife, Annie P. Ward or Annie Page Ward, I could not tell you which." But this evidence is so indefinite that it is not cited in any way by appellant's counsel on this argument and we think does not contribute any support to appellant's claim. The policy was never delivered to appellant, it being given as an excuse by the insured that it was pledged with the company; no paper was ever executed and no notice ever given by the alleged assignee to the insurance company or received by her from the latter, and no step was ever taken which was effective to actually accomplish an assignment. Outside of the alleged statement by the insured that the policy was deposited with the insurance company there is no evidence of that fact and the insured never surrendered control over the policy but continued to exercise such control for several years between the date of the first alleged conversation and his death, if in no other way, by making new designations of beneficiaries. Other policies which appellant says were assigned to her by her husband were in his safe deposit box and these were not delivered to her.

The first question which arises pertains to the admission of evidence. As appears, the appellant, in spite of timely objections, was permitted to testify concerning personal transactions between her and her husband for the purpose of establishing the alleged assignment. Subsequently all of this evidence was stricken out as incompetent under section 829 and it becomes necessary to decide which ruling of the trial judge was correct — that admitting the evidence, or that striking it out.

We think the evidence was competent as against the respondents as beneficiaries under the policy. It was thus competent unless it can be said that they derived their " title or interest from, through or under a deceased person * * * by assignment or otherwise," and we do not think that a person claiming money directly from an insurance company by virtue of a designation under a policy can be said to be claiming " from, through or under " the insured in said policy even though the latter made the designation. Of course it must be admitted that in a substantial sense it is due to the act of the insured that the beneficiary becomes entitled to the proceeds of the policy. Without such act the latter would have no claim. What was said by Judge CULLEN in *Matter of Dows* (167 N. Y. 227, 231) when speaking of title under a power of appointment is quite as applicable in the case of a designation of a beneficiary under an insurance policy. He said: " But whatever be the technical source of title of a grantee under a power of appointment, it cannot be denied that in reality and substance it is the execution of the power that gives to the grantee the property passing under it." Nevertheless with very limited exceptions it has been held that the title of a grantee under a power of appointment comes from the donor of the power rather than from the one who exercises it (*Chanler* v. *Kelsey,* 205 U. S. 466, 474), and principles similar to those applied in the case of powers, we think lead to the conclusion that beneficiaries like the respondents secure their money from the insurance company and not from the insured who designated them. The great body of authority makes it plain, by inference at least, that when section 829 speaks of deriving title or interest from, through or under a deceased person it contemplates property or an interest which belonged to the deceased in his lifetime and the title to which has passed by assignment or otherwise

through him to the party who is protected by the section. These authorities do not contemplate a case where a party claims property from a third person which never belonged to the deceased and which in fact did not come into existence until his death.

No cases have been found in this state directly passing upon this question. The case of *Sabin* v. *Grand Lodge A. O. U. W.* (6 N. Y. S. R. 151), which has been cited as so doing, does not in fact do it. It was simply held in that case that on a consideration of the comparative rights of the contending parties evidence of personal transactions with the deceased should not be given, but the court expressly refrains from holding that the general rule was as now claimed by the respondents.

Various cases have been found outside of the state passing upon the question under statutes substantially similar to our own. In Michigan it has been held, somewhat doubtingly in the later cases, that evidence of personal transactions with the insured under circumstances analogous to those existing in this case is incompetent. (*Franken* v. *Sup. Ct.,* 152 Mich. 502; *Grand Camp, etc.,* v. *Savage,* 135 id. 459; *Wallace* v. *Fraternal Mystic Circle,* 127 id. 387.) But the courts of Kansas, Illinois, Iowa, Pennsylvania and South Carolina have held a contrary view and have decided that a person occupying a position similar to that occupied by the respondents does not come within the purview of such a statute as our own section 829 of the Code. (*Shuman* v. *Sup. L. K. of H.,* 110 Iowa, 480; *Crowell* v. *N. W. Nat. L. Ins. Co.,* 140 id. 258; *Broadrick* v. *Broadrick,* 25 Pa. Sup. Ct. 225; *Hamill* v. *Sup. Council,* 152 Pa. St. 537; *Macaulay* v. *Central Nat. Bank,* 27 S. Car. 215; *Farrenkoph* v. *Holm,* 142 Ill. App. 336; affd., 237 Ill. 94; *Savage* v. *Modern Woodmen,* 84 Kan. 63.) We think, therefore, it was error to strike out this evidence.

But even though it was technical error thus to rule,

the question still remains whether appellant could have been helped by the evidence and whether, therefore, its loss was a source of any damage to her. We do not think it was. We think that on all of the evidence produced in her behalf, including that which was stricken out, she failed as matter of law to establish that she was an assignee of the involved insurance policy.

As has been pointed out, the only evidence of assignment cited or relied upon on this appeal consists of statements made by the insured that he had assigned his insurance to the appellant and we do not think that this is sufficient to establish an assignment. It very likely may be that under some circumstances a borrower might make statements respecting a transfer of securities to a proposed lender upon which the latter would be entitled to rely in making loans. But that does not seem to be this case. The appellant could not have been misled by the statements of her husband and there is no element of estoppel involved by virtue of which equity will treat as having been done that which ought to be done. The appellant knew whether an assignment had been made. She was not deceived by her husband's statements. She knew that he had never executed and delivered to her any written assignment of the insurance policy; that he had never in appropriate and effective language made a present transfer of the policy by parol to her; that she had never had possession of the policy, and that he had never done anything to, by or with her, symbolically or otherwise, to give her control of the policy. She had never given to or received from the insurance company any notice indicating transfer of ownership to her and she had no assurances that the insured was not exercising control and ownership over the policy as in fact he did do. Under these circumstances it seems to us that the loose, general statements by the insured that he had made a transfer of the policy were not sufficient evidence to

establish even an equitable parol assignment to the appellant.

We are not adopting this view on the theory that because this assignment is claimed to have been made by a dead person it can only be established by a different kind and quality of evidence than would be sufficient if the transaction were alleged to have been with a living person, and for which theory support is sometimes supposed to be found in what was said in *Rousseau* v. *Rouss* (180 N. Y. 116); *Hamlin* v. *Stevens* (177 N. Y. 39); *Wallace* v. *Wallace* (216 N. Y. 28) and other similar cases. The rule in any civil case is that the plaintiff must establish his claim by a fair preponderance of evidence. He need do no more than this if his claim deals with a dead person; he cannot do less if he is attacking the rights and property of a living person. The general rule as to weight and quality of evidence is no different in one case than in the other. In applying the rule and test to specific evidence, however, it very likely will and should occur that the triers of fact will more carefully and critically scrutinize evidence offered against a dead person's estate for the purpose of deciding whether it does make the necessary weight and preponderance of evidence, than would be done if the testimony was offered against one who was alive to contradict it. This is what we construe the expressions in the opinions to which we have referred to mean. As was said by Judge CRANE in *McKeon* v. *Van Slyck* (223 N. Y. 392, 397), writing upon this subject: "In civil cases a plaintiff is never required to prove his case by more than a preponderance of evidence. This is as true of actions against an executor, founded on claims put forward for the first time after the death of the testator, as it is of other actions. * * * No doubt in determining whether the preponderance exists, the triers of the facts must not forget that death has sealed the lips of the alleged promisor. They may

reject evidence in such circumstances which might satisfy them if the promisor were living. They must cast in the balance the evidence offered upon the one side and the opportunities for disproof upon the other. They may, therefore, be properly instructed that to make out a preponderance the evidence should be clear and convincing. *  *  * B t all these instructions in last analysis are mere counsels of caution."

Our conclusion is that measuring appellant's ·case by the ordinary and standard rules she failed as matter of law to produce evidence which would have permitted the court to find that an assignment had been made. (*Wallace* v. *Ingersoll*, 89 N. Y. 508, 521; *Rupp* v. *Blanchard*, 34 Barb. 627, 629; *Holmes* v. *Evans*, 129 N. Y. 140, 145; *N. W. Mut. Life Ins. Co.* v. *Wright*, 153 Wis. 252; *Richardson* v. *White*, 167 Mass. 58; *Bowers* v. *Johnson*, 49 N. Y. 432, 434; *Cuyler* v. *Wallace*, 183 N. Y. 291; *Donovan* v. *Middlebrook*, 95 App. Div. 365.)

For these reasons we think the judgment should be affirmed, with costs.

COLLIN, CUDDEBACK, POUND and ANDREWS, JJ., concur; CHASE, J., concurs in result; CARDOZO, J., not voting.

Judgment affirmed.