Judgment reversed on the law and a new trial granted, with costs to abide the event. The court has considered the questions of fact and has determined that it would not grant a new trial upon those questions. The admission of the testimony of respondent Booth was erroneous and prejudicial. She was permitted to testify to personal transactions and communications between herself and Mildred R. Staunton, deceased, in violation of section 347 of the Civil Practice Act. The deceased was a member of the teachers’ retirement system of the City of New York and had been employed as a teacher for almost thirty-five years in the public school system of that city. In 1936 she designated appellant Robillard as the beneficiary of her accumulated-salary deductions in the retirement system, and appellant Roof as the- beneficiary of the death benefit provided by the system, in the event of her death prior to retirement on pension. On April 19, 1945, before her death on April 25, 1945, by an instrument in writing, she purported to designate the respondent Booth as the beneficiary of both funds. After her death this action was commenced to have the latter designation adjudged void on various grounds. Upon the trial the official referee, over objection and exception, followed by a motion to strike out, took the testimony of respondent Booth with respect to personal transactions and communications between the witness and the deceased. That ruling was predicated upon the decision in Ward v. ¡V. Y. Life Ins. Co. (225 N. Y. 314), which had relation purely to an ordinary life insurance policy. That decision has not been extended to cases of the type under consideration, so far *879 as we have been able to find, and the opinion of the Court of Appeals rested by analogy, to a certain extent, upon the situation created by a power of appointment, citing cases which involved transfer taxes and not the qualifications of a witness. (Matter of Dows, 167 N. Y. 227; Chanler v. Kelsey, 205 U. S. 466.)' When a surrogate, following the language in the Ward opinion (supra), applied the decision to the case of the donee under a power of appointment (Matter of Carroll, 153' Mise. 649, mod. 247 App. Div. 11, mod. 274 N. Y. 288), the latter decision was immediately followed by the adoption by the Legislature of an amendment to section 347 of the Civil Practice Act (L. 1935, ch. 371) changing the rule in the case of the donee of such a power. While this amendment does not specifically refer to a policy of insurance or to a membership in a retirement system, obviously the Legislature, by the amendment, indicated its disagreement with the principle of the alleged analogy so far as a power of appointment was concerned. If we apply here, by analogy, the provisions of the amendment, the weight of the decision in the Ward case is substantially affected. Also, in the Ward case the opinion lays stress upon the fact that there the property involved never belonged to the deceased and did not come into existence until his death (pp. 319-320). In the present situation, under the Administrative Code of the City of New York, the accumulated fund came into existence during the lifetime of the deceased by deductions from her salary, etc., and if she had died before retirement, without making a designation, the fund would have been paid to her estate; and if she had withdrawn from the system in any of the ways provided for by the statute, the accumulated fund would have been immediately payable to the deceased herself during her lifetime. These differences render the Ward case inapplicable. In our opinion the rule applied to the accumulated fund should be applied also in the ease of the death benefit. Hagarty, Acting P. J., Johnston, Adel and Aldrich, JJ., concur; Carswell, J., dissents and votes to affirm, with the following memorandum: I think the Ward case (225 N. Y. 314, supra) made admissible the testimony of defendant Booth so far as it affected the death benefit of $4,905.33. This is a separate item in Exhibit A, attached to the amended complaint. The judgment, in any event, should be severed as to this and affirmed. The conclusion that the accumulated deductions derive directly from the deceased is, in my opinion, correct. The challenged testimony of Booth was inadmissible on this phase and would justify a reversal if it were prejudicial. It sufficiently appears, however, that the trier of the fact rejected the Joray testimony as unworthy of belief, and on this premise the error may not be deemed to have been prejudicial, in view of the other proof in the record.