DOMINIC AGLUZZI, Respondent, *v.* FRANCESCO ALUZZO, Defendant, and ARSIDIS A. RAPONI et al., Appellants.

Fourth Department, July 14, 1955.

400

*Ruth V. Iles* and *Robert G. Iles* for appellants.

*James C. Fannin* for respondent.

VAUGHAN, J.  The sole question is whether the plaintiff is a " survivor of " Sorello or " a person deriving his title or interest from, through or under " him within the meaning of section 347 of the Civil Practice Act.

The beneficiaries in *Ward* v. *New York Life Ins. Co.* (225 N. Y. 314) " survived " the insured in the popular sense of that word. Their rights also depended upon what he had done, for if he had assigned the policies to his wife for value, he had no right thereafter to designate his sons as beneficiaries.  The Court of Appeals did not even discuss the question whether the sons were " survivors " of the insured.  It was stated that they did not derive their interest " from, through or under " him.  HISCOCK, Ch. J., at page 319 " admitted that in a substantial sense it is due to the act of the insured that the beneficiary becomes entitled to the proceeds of the policy.  Without such act the latter would have no claim."  The conclusion was that " beneficiaries like the respondents secure their money from the insurance company and not from the insured who designated them.  The great body of authority makes it plain, by inference at least, that when section 829 [now § 347] speaks of deriving title or interest from, through or under a deceased person it contemplates property or an interest which belonged to the deceased in his lifetime and the title to which has passed by assignment or otherwise through him to the party who is protected by the section."

Under the will of plaintiff's mother, Sorello acquired a life estate plus an absolute power of disposition, so that he could convey a fee to the defendants on condition that they support him (Real Property Law, §§ 149, 153).  When they broke the condition, he was empowered to terminate their fee and reassert his former estate, which was an estate for life plus the power of disposition.  Sorello never had the fee.  In the event it is determined that he terminated the defendants' interest, the case would be quite as if he had never exercised the power, so that his

life estate was "subject to any future estates limited thereon" (Real Property Law, § 149), including the plaintiff's remainder. That remainder was created by the will of his mother and was not derived from, through or under Sorello. The latter never had a remainder in fee or any other kind of a fee. Plaintiff's remainder is not property "which belonged to [Sorello] in his lifetime and the title to which has passed by assignment or otherwise" to the plaintiff (*Ward* v. *New York Life Ins. Co.*, 225 N. Y. 314, *supra*).

It is immaterial that plaintiff's rights are dependent upon the exercise of Sorello's power of termination. Legally they were not created by any act of the life tenant but by the same instrument which created the life estate. That Sorello could destroy plaintiff's rights does not mean that he had created them. In *Matter of Wilson* (103 N. Y. 374, 375–376) a witness was held competent to testify after he had released his interest under the will. Referring to the release, the court stated: "its effect was to swell the residuum of the estate and increase the amount to be distributed under the provisions of the will. The residuary legatee took nothing thereby in the right of the releasing legatee, and did, in no sense, succeed to the sum derived from, through or under any right of such legatee."

There is no authority for treating plaintiff as a "survivor". That word has not been much construed. It includes partners and heirs and next of kin (Richardson on Evidence, § 466; Greenfield on Testimony under Section 347, Civ. Prac. Act, § 130). The statute does not use the word to indicate simply "the longest liver of two or more persons", nor a person whose rights are affected by the conduct of a decedent. We think the Referee erred in excluding defendants' offer to explain the circumstances under which they left the premises and ceased to care for Sorello.

The judgment appealed from should be reversed and a new trial ordered. The orders appealed from should be affirmed.

All concur, except McCurn, P. J., who concurs as to affirmance of the orders but dissents as to the reversal of the judgment and votes for affirmance. Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

Judgment reversed, on the law, and a new trial granted, with costs to the appellants to abide the event. Orders affirmed, without costs.