■ In the Matter of the Accounting of KAMILA ADOMOSKI, as Executrix of THOMAS ADAMOSKI, Deceased, Appellant. CATHERINE SWACHEY et al., Respondents.— In a proceeding for the judicial settlement of the account of an executrix, the executrix appeals, as limited by her brief, (1) from an order (described in the notice of appeal as an order and decree) of the Surrogate's Court, Kings County, confirming the report of a Referee and allowing two claims against the estate, respectively, for services rendered to the decedent by respondent Swachey and for money loaned to decedent by respondent Adamoski, and (2) from the findings, opinions and report of the Referee and the decision of the Surrogate confirming the report. Order insofar as appealed from affirmed, with one bill of $10 costs and disbursements, payable out of the estate. No opinion. Appeal from findings, opinions and report of the Referee and decision of the Surrogate dismissed, without costs. No appeal lies therefrom. Nolan, P. J., Wenzel and Ughetta, JJ., concur; Beldock, J., concurs (1) in the dismissal of the appeal from the findings, opinions, report and decision and (2) in the affirmance of the order with respect to the respondent Swachey but dissents from the affirmance of the order with respect to the respondent Adamoski and votes to reverse the order with respect to said respondent and to disallow his claim, for the reasons set forth in the dissenting memorandum of Murphy, J.; Murphy, J., concurs in the dismissal of the appeal from the findings, opinions, report and decision but dissents from the affirmance of the order and votes (1) to modify said order with respect to the claim of respondent Swachey by striking from the second ordering paragraph the figure " $1,875.00 " and by substituting therefor the figure " $45.00 " and with respect to the claim of the respondent Adamoski by striking from the third ordering paragraph of said order everything following the word " be " and by substituting therefor the word " disallowed " and (2) to affirm, as so modified, the order insofar as appealed from, with the following memorandum: " All of the proof in support of the claim of respondent Swachey, except for $45 rent, is to the effect that meals were furnished to decedent and his laundry was done on his promise to remember her in his will. The Referee so found, and the Surrogate confirmed the finding. There was no agreement to pay reasonable value. The contract exclusively relied on was absolutely void (Personal Property Law, § 31, subd. 7, cf. § 85). Decedent died in 1949. The sole proof in support of the claim of respondent Adamoski is testimony of one Pulasky adduced in November, 1957. In substance he testified that he knew decedent from the " old country "; he saw this respondent give decedent $750 in 1935 and $900 in 1937; in 1948 decedent stated that he owed this respondent $4,000. He further testified that this statement was made just once. Thereafter, the witness enlarged it to three times and finally " About five times I heard it." The witness did not know whether decedent ever returned the money. This testimony is insufficient to constitute a preponderance of evidence sufficient to warrant allowance of the claim (McKeon v. Van Slyck, 223 N. Y. 392, 397; Ward v. New York Life Ins. Co., 225 N. Y. 314, 322).