J. Maynard Jones, S.
The court has been requested to pass upon a rejected claim for services rendered by Genevieve Zegarelli to and for the benefit of the wife of the decedent during her terminal illness. The claim specifically is for services rendered Anna Lutz for approximately one year from October 1, 1958 to October 1, 1959, which services consisted of furnishing room and board and active care, treatment in administering medication, dressing wounds, cleansing and caring for medical apparatus at a weekly rate of $100. The claimant is the stepdaughter of the decedent Edward D. Lutz, and is the daughter of Anna Lutz, his deceased wife.
The evidence consisted mostly of the testimony of claimant and her husband. It established proof that Anna Lutz, the claimant’s mother underwent a colostomy operation in October, 1958, and when she was discharged from the hospital she was *227 taken directly to the home of her daughter, the claimant in this proceeding. Without question Anna Lutz was cared for by the claimant for approximately one year thereafter up to about three weeks before her death in October, 1959. No evidence was produced to indicate any agreement was ever made by Anna Lutz in her own behalf or Edward D. Lutz to pay for the board, room or care of said Anna Lutz. Without proof of such an agreement, it must be shown that the services were rendered under such circumstances as to imply that the services were rendered with the expectation of payment, and that the services were accepted, and under such circumstances as to make it appear that Mr. or Mrs. Lutz might reasonably expect to pay for the same. No evidence was offered to indicate that the claimant had ever presented a bill or indicated to Mr. Lutz in any way that she expected to be paid for the services rendered her mother during her final illness.
Evidence produced to prove a claim of this type presented for the first time after the death of the alleged debtor should always be subjected to a careful and critical scrutiny, (Ward v. New York Life Ins. Co., 225 N. Y. 314; Matter of Mason, 134 Misc. 902) for too often such claims are afterthoughts, made as a result of disappointment with the testamentary provisions. Claims of this type, lacking specific oral or written agreement, should always be proven by clear and convincing evidence. (McKeon v. Van Slyck, 223 N. Y. 392, 397; Donnarumma v. Potter, 211 App. Div. 54.)
I fail to find that the claimant has proved by a preponderance of the evidence any promise or any facts from which such a promise could be implied that the decedent, Edward D. Lutz, would pay for the services rendered by the claimant. I am convinced the services were rendered and accepted as being the natural acts of kindness that might be expected from the close ties of blood and affection of a daughter for her mother.
The claim of Genevieve Zegarelli must, therefore, be denied.
Decreed accordingly.