Deborah SCHWERIN, Plaintiff,

v.

Harry LEIBOWITZ et al., Defendants.

No. 62 Civ. 1499.

United States District Court,
S. D. New York.

April 20, 1973.

Samuel Panzer, New York City, for plaintiff.

Eugene Tuck and George Wolf, New York City, for defendants.

## OPINION

ROBERT L. CARTER, District Judge:

Lester Schwerin, Harry Leibowitz and his son, David Leibowitz, were the sole shareholders of the Imperial News Co. As business partners, Schwerin and the elder Leibowitz managed and controlled the Imperial News Co. and Glen Distributors, Inc. Mr. Schwerin died on April

10, 1960. His widow, the plaintiff, instituted this action in 1962. Before trial could be held Harry Leibowitz, one of the defendants, died. Plaintiff is a citizen of Florida and the defendants are citizens of New York; the matter in controversy exceeds the sum of $10,000.-00. The court has jurisdiction pursuant to 28 U.S.C. § 1332.

Plaintiff contends that an oral agreement was entered into between her deceased husband, Harry Leibowitz, and David Leibowitz that in addition to whatever any written agreement provided either the widow of Lester Schwerin or of Harry Leibowitz, whoever passed away first, was to be paid the equivalent of the deceased husband's annual salary. Mrs. Schwerin states that the oral agreement was reached in July, 1959. The discussion is said to have taken place at the Schwerin's home in Long Island, New York. In addition to Harry Leibowitz, Lester Schwerin and the plaintiff, David Leibowitz and his wife and Mrs. Harry Leibowitz were alleged to be present. (Mrs. Schwerin testified that the agreement was consummated by a hand shake.) There was some discussion of tax involvement and Mr. Schwerin is alleged to have requested that provision for the widow's benefit not be included in the stockholder's agreement.

Mr. and Mrs. David Leibowitz deny ever having been in the Scherwin home except on the occasion of Mr. Schwerin's death. Moreover, David Leibowitz testified that he had never participated in any discussions with his father and Lester Schwerin concerning the matter. The accountant for the corporation, Gerald S. Abraham, who testified that he played an active role in discussions concerning the stockholder's agreement through its evolution into what was finally agreed upon, confirmed that the younger Leibowitz had never been involved in these discussions and negotiations; that the matter was entirely between the two decedent shareholders.

Another witness, a Mr. Robert Limbert, who in 1959 and 1960 was affiliated with the Investment Department of the Trust Division of First National City, testified that he had met with Mr. Abraham and Mr. Ronald Hirsh on September 6, 1960; a memorandum was made of the meeting and the memorandum states that "when I set this appointment at the company with Abraham on August 31, he said, among other things that owing to hostile attitude of the Executors, there would be no widow's benefit paid." Mr. Limbert could not recall whether the above statement was made to him by telephone, as the reference would appear to indicate. He had never spoken to Mr. Abraham before and was not in a position to know his voice. Mr. Abraham denies any such meeting or conversation.

The written shareholder's agreement dated July 27, 1969, is reasonably clear. In essence its terms provided for payment to Schwerin's estate of $100,000.00 within forty days after notice of qualification of decedent's legal representative and in addition the delivery of fifty promissory notes, each for $4,000.00 payable at monthly intervals. Article VIB of the agreement provides that no "modifications . . . of any of the provisions of this agreement shall be valid unless in writing and signed by all the parties."

The plaintiff's action fails and must be dismissed for two basic reasons. The sole testimony on this record as to the oral agreement is that of Mrs. Schwerin. She was a witness to the conversation and consummation of the oral agreement between her decedent husband and the deceased Harry Leibowitz. Under New York law, C.P.L.R. § 4519 (McKinney, 1963) her testimony is inadmissible. That provision provides:

"Upon the trial of an action . . ., a party or a person interested in the event, or a person from, through or under whom such a party or interested person derives his interest or title by assignment or otherwise, shall not be examined as a witness in his own behalf or interest, . . . against the executor, administrator or survivor of a deceased person . . ., or

a person deriving his title or interest from, through or under a deceased person . . ., by assignment or otherwise, concerning a personal transaction or communication between the witness and the deceased person . . . ."

■ And it has long been held that this provision "excludes the testimony of an interested witness to any knowledge which he has gained by the use of his senses from the personal presence of the deceased." Griswold v. Hart, 205 N.Y. 384, 395, 98 N.E. 918, 921 (1912).

The plaintiff is a third party beneficiary of the agreement between the two deceased men. Harry Leibowitz and Lester Schwerin were the promisor/promisee to what were two agreements: Leibowitz promised Schwerin to pay the latter's widow a year's salary in the event Schwerin died first and Schwerin promised Leibowitz to pay his widow a year's salary if he should outlive Leibowitz.

Duncan v. Clarke, 308 N.Y. 282, 125 N.E.2d 569 (1955) is the most recent statement by the New York Court of Appeals on the reach of C.P.L.R. § 4519 to third party beneficiaries. There an illegitimate child was suing her father's estate for money due under a contract made for her benefit between the father and the grandmother, pursuant to which he agreed to pay the grandmother a monthly sum for the child's support until she reached twenty-one years of age. It was held that the grandmother could not testify as to the existence of the contract since she was the person with whom the decedent is claimed to have contracted and through whom the child derives her interest. The Court held that the third party beneficiary, the child, derived her interest through the promisee: "It has been held that this result is not changed by the circumstance that the action is brought by the infant whose sole interest is derived from and through the promisee," Id. at 285, 125 N.E.2d at 570, citing Rosseau v. Rouss, 180 N.Y. 116, 72 N.E. 916.

■ Duncan established that the beneficiary of a contract is a "party interested in the event" and therefore not competent to testify about transactions with the decedent. This case fits this situation squarely. Plaintiff is an interested party and, therefore, is not competent to testify about any transactions with the decedent Leibowitz.

Plaintiff's reliance on Ward v. New York Life Insurance Co., 225 N.Y. 314, 122 N.E. 207 (1919) is misplaced. There the court held that the beneficiaries of an insurance contract between the decedent and the insurance company did not derive their interest from the deceased since the proceeds of the policy were never owned by the decedent during his lifetime. But in Duncan, supra, 308 N.Y. at page 285, 125 N.E.2d at page 570, the court read In Matter of Browning, 280 N.Y. 584, 20 N.E.2d 25 (1939), as holding in effect that Rosseau v. Rouss, supra, had not been "implicitly overruled" by the Ward case, which had been "decided on the peculiar facts there presented."

As I understand and construe New York law, the Ward decision is confined to life insurance actions exclusively and in all other cases the beneficiary's interest is derived from the promisee. Thus, since the agreement cannot be established without plaintiff's testimony and plaintiff's testimony is inadmissible, there is a failure of proof and the complaint must be dismissed.

■ Secondly, even if plaintiff's testimony could be considered, the evidence is insufficient to establish that the agreement plaintiff seeks to have effectuated was in fact made.

■ Defendant points out that the burden on the party seeking reformation of a written instrument is to establish his claim by clear and convincing evidence, citing Philippine Sugar Estates Development Co. v. Government of Philippine Islands, 247 U.S. 385, 38 S.Ct. 513, 62 L.Ed.2d 1177 (1918) and Maryland Casualty Co. v. United States, 169 F.2d 102 (8th Cir. 1948). But the

plaintiff has not even met the ordinary requirement that she establish her contentions by a fair preponderance of the evidence.

Plaintiff testified the conversation took place at her home in July, 1959, but the two living witnesses to that conversation, according to her allegations, emphatically deny that they were ever at her home before her husband's death. Mr. David Leibowitz, moreover, stated that he never participated in any way in the conversations between the decedent Schwerin and his father about the corporation's obligations to a decedent shareholder's estate. His testimony is corroborated by the accountant. The testimony of Mr. Limbert does not aid plaintiff's cause. His testimony was too vague and imprecise about his alleged conversation and meeting with Abraham. And even if it could have been established that Mr. Abraham told Mr. Limbert that no widow's benefits would be paid, it would not prove that the oral agreement on which the plaintiff relies had been made. There has been a failure of proof even with plaintiff's testimony considered. Complaint dismissed

Settle order.