■　In the Matter of the Claim of CYBIL E. FIEBRANTZ et al., as Administrators C. T. A. of the Estate of ANNA A. DAY, Deceased, Respondents, v. ESTATE of THOMAS F. McCORMICK, Appellant.— Decree unanimously modified in accordance with memorandum as modified affirmed, without costs. Memorandum: Respondents, as administrators *c. t. a.* of the estate of Anna A. Day, brought this proceeding under SCPA 1809 to determine the validity of a rejected claim filed in the estate of Thomas F. McCormick. The Surrogate found the claim valid and ordered judgment for $19,500, plus interest. The claim was based upon alleged payments made by Anna Day from about 1934 to 1962 to one George W. Watson which were never repaid by Watson or Thomas F. McCormick, who was the executor and primary beneficiary of George Watson's estate. The Surrogate found that the claimants proved that two payments of $7,000 each and one of $5,500 had been made at three different intervals of time and that respondents should have judgment for the total of these amounts with interest. The Surrogate's memorandum decision acknowledged that there " was

no proof of any written or oral agreement between Anna Day and George Watson to support the claim nor has any security instrument been produced". The only direct evidence to support part of the claim was Exhibit No. 7 which is a receipt signed by George Watson acknowledging a payment of $6,500 by Anna Day to Watson which was to be repaid with interest of 5%. The Surrogate erroneously considered this a claim for $7,000. Interest payments were made on this indebtedness until July, 1962. We agree that the record does prove that regular interest payments were made to Anna Day on this part of the claim which is designated "Item No. 2", and that interest should be allowed thereon at the rate of 5% from the date of the last payment of interest. We find that the record does not sustain the Surrogate's determination of validity of the two other parts of the claim designated "Items No. 1 and No. 3". "Because of the death of the debtor and his inability to testify, the quality of evidence required is of a high degree: the proof must be clear and convincing; and the claimant must establish his claim in every essential detail" (26 Carmody-Wait, 2d, New York Practice, § 159:27). (Cf. *Matter of Sherman* [227 N. Y. 350]; *Ward* v. *New York Life Ins. Co.* [225 N. Y. 314]; *McKeon* v. *Van Slyck* [223 N. Y. 392].) The respondents have failed to meet their burden of proof and we find that those parts of the claim designated "Items No. 1 and No. 3" have not been established by a fair preponderance of the evidence. We find no merit to appellant's contention raised for the first time upon this appeal, that the Statute of Limitations is a bar to any part of respondents' claim. The other objections in law raised by appellant are also without merit. The decree should be modified by allowing the claim for $6,500, listed as "Item No. 2" and documented by Exhibit No. 7, and by disallowing and dismissing the claims for $7,000, listed as "Item No. 1", and for $5,500, listed as "Item No. 3". (Appeal from decree of Genesee County Surrogate upholding claim.) Present — Goldman, P. J., Del Vecchio, Witmer, Moule and Simons, JJ.